## CITY OF BUTTE, Appellant, *v.* BENNETTS et al., Respondents.

(No. 3,518.)

(Submitted May 5, 1915.   Decided May 25, 1915.)

[149 Pac. 92.]

*Public Officers—Official Bonds—Sureties—Liability.*

1. Where the law defines the duties of a public officer, his sureties are responsible for the faithful performance of such duties only, and not for acts not pertaining thereto; hence an action did not lie against the sureties on a county assessor's bond to recover moneys improperly paid to him as compensation for the collection by him of certain city taxes, a duty imposed by law upon other officers.

[As to sureties liable only for official acts, see note in 91 Am. St. Rep. 507. As to liability of surety on bond of public officer for acts wholly outside official duty, see note in Ann. Cas. 1912C, 581.]

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

Action by the City of Butte against Gilbert Bennetts and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Alex. Mackel, Wm. F. Davis* and *N. A. Rotering,* for Appellant, submitted a brief; *Mr. Rotering* argued the cause orally.

Where a constable was sued upon his official bond, it was insisted that as the constable was shown to have had no lawful

authority to arrest the plaintiff, his act was therefore not done in the line of his duty. The court there held·that for illegal acts and acts forbidden by law an officer was liable on his official bond. (*Clancy* v. *Kenworthy,* 74 Iowa, 740, 7 Am. St. Rep. 508, 35 N. W. 427.) This court has held that a city treasurer is liable for moneys received by him as licenses collected from disorderly houses and from gambling houses, even though there is no statute authorizing such collection. (*City of Philipsburg* v. *Degenhart,* 30 Mont. 299, 76 Pac. 694; *Smith* v. *Lovell,* 2 Mont. 332; *Board of Commrs.* v. *Gardner,* 18 Mont. 110, 44 Pac. 407.) The sureties on an official bond are liable for a statutory penalty for taking illegal fees. (*Eccles* v. *United States Fidelity & Guar. Co.,* 72 Neb. 734, 117 Am. St. Rep. 830, 101 N. W. 1023; see, also, *Blaco* v. *State,* 58 Neb. 557, 78 N. W. 1056; *Skagit County* v. *American Bonding Co.,* 59 Wash. 8, 109 Pac. 199; *State ex rel. Conley* v. *Flinn,* 3 Blackf. (Ind.) 72, 23 Am. Dec. 380; *Drolesbaugh* v. *Hill,* 64 Ohio St. 257, 60 N. E. 202; *National Bank* v. *Rutledge,* 84 Fed. 400.) Where an officer procures the payment of money to himself by the city when nothing was due him, the sureties upon his official bond become liable. (*Armington* v. *State,* 45 Ind. 10.)

*Messrs. Walker & Walker,* for Respondents, submitted a brief; *Mr. Thos. J. Walker* argued the cause orally.

No liability can exist as against the respondents, because there has been no breach of official duty on the part of the principal. (*Hill* v. *Kemble,* 9 Cal. 71; *Schloss* v. *White,* 16 Cal. 65; *Governor* v. *Perrine,* 23 Ala. 807; *People* v. *Hilton,* 36 Fed. 172; *Lafayette* v. *James,* 92 Ind. 240, 47 Am. Rep. 140; *United States* v. *Kirkpatrick,* 9 Wheat. 720, 6 L. Ed. 199; *Snyder* v. *Gross,* 69 Neb. 340, 5 Ann. Cas. 152, 95 N. W. 636; *State* v. *Porter,* 69 Neb. 203, 95 N. W. 769; *Whitfield* v. *Wooldridge,* 23 Miss. 183; *Brown* v. *Commonwealth,* 6 J. J. Marsh. (Ky.) 635; *Machiasport* v. *Small,* 77 Me. 109; *State* v. *Johnson,* 55 Mo. 80; *San Luis Obispo County* v. *Farnum,* 108 Cal. 562, 41 Pac. 445.)

MR. JUSTICE SANNER delivered the opinion of the court.

By its amended complaint the appellant, city of Butte, seeks judgment for $885.10 against Gilbert Bennetts and others for moneys paid by the city to Bennetts as compensation for the collection by him of certain city taxes while county assessor of Silver Bow county, the other defendants being sureties upon his official bond. Two separate demurrers were filed, one by Bennetts which was overruled, and the other by the sureties which was sustained. The city, declining to plead further, suffered judgment to be entered dismissing its action as to the sureties, and from that judgment prosecutes this appeal.

The question presented is whether a cause of action is stated [1] against the defendant sureties. The pleading alleges, in substance, that the city had not advertised for or received any bids for the collecting of said taxes, and no contract for such service had been entered into by it with Bennetts, notwithstanding that at the time such service was rendered one of the rules of business duly enacted and adopted by the city council, required all contracts exceeding $250 in amount to be let to the lowest bidder, as also do the provisions of section 3278 of the Revised Codes; that said Bennetts was fully paid by the county of Silver Bow the entire salary authorized by law to be paid for his services as county assessor, but he nevertheless demanded and was paid said sum of $885.10 for collecting said city taxes, no part of which has he repaid; that demand has been made upon him and his sureties to pay said sum to the plaintiff, which demand has been refused. Attached to the complaint as an exhibit is a copy of the official bond of Bennetts, which shows such bond to be in the usual form.

The demurrer of the sureties was, in our judgment, properly sustained. They can be held to answer for the acts or omissions of their principal only according to the tenor of their undertaking, and this was that he should "well, truly and faithfully perform all official duties now required of him by law, and  *  *  *  all of the duties of such office of county assessor required by any law to be enacted subsequent to the execution of this bond."

Obligations of this sort are *strictissimi juris*. (Rev. Codes, sec. 5682; 5 Cyc. 758; Mechem on Public Officers, secs. 282, 283.) "Sureties have the right to rely upon the letter of their undertakings, and their liability cannot be extended by implication. A public officer's sureties are only responsible for the duties assigned such officer by the law. Where the law defines the duties of a public officer, his sureties are responsible for the faithful performance of such duties, and are not responsible for acts which do not pertain to his office." (*Smith* v. *Lovell*, 2 Mont. 332.) Unless, therefore, the collection of taxes for the city was an official duty of Bennetts as county assessor, required of him by law, no default or miscarriage of his in respect thereto could be made the basis of liability as against his sureties. (*City of San Jose* v. *Welch*, 65 Cal. 358, 4 Pac. 207; *San Luis Obispo County* v. *Farnum*, 108 Cal. 562, 41 Pac. 445; *State* v. *Porter*, 69 Neb. 203, 95 N. W. 769; *Brown* v. *Commonwealth*, 6 J. J. Marsh. (Ky.) 635; *State* v. *Bonner*, 72 Mo. 387; *Feller* v. *Gates*, 40 Or. 543, 91 Am. St. Rep. 492, and note, 56 L. R. A. 630, 67 Pac. 416.)

Not only does our statute fail to impose upon the county assessor the duty of collecting taxes for either city or county, but it reposes that duty elsewhere (Rev. Codes, secs. 2684, 3356, 3357); and this court has distinctly pointed out why it is that no such duty can be imposed upon him. (*Mutual Life Ins. Co.* v. *Martien*, 27 Mont. 437, 71 Pac. 470.) Much refinement is indulged by the books and repeated in the briefs, as to whether an act done by a person who happens to be an officer is *colore officii* or *virtute officii*, with the consequences flowing from this distinction. We need not consider them, since whatever service Bennetts rendered the city of Butte in the premises was not, and could not have been, as county assessor.

The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.