No. 13528

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

TREASURE STATE INDUSTRIES
INC., a corporation,

                    Plaintiff and Respondent,

        -vs-

DEL WELCH, d/b/a DEL WELCH
CONSTRUCTION CO., AETNA LIFE AND
CASUALTY CO., a corporation et al.,

                    Defendants and Appellants.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

    For Appelllants:

        Jardine, Stephenson, Blewett & Weaver, Great Falls,
         Montana
        Alexander Blewett III argued, Great Falls, Montana

    For Respondent:

        Dzivi, Conklin, Johnson & Nybo, Great Falls, Montana
        Dennis C. McCafferty argued, Great Falls, Montana

---

                            Submitted:  May 25, 1977

                             Decided:  AUG 1 5 1977

Filed:  AUG 1 5 1977

_____
                                  Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On December 19, 1974, Treasure State Industries, Inc., filed a complaint against four defendants to recover certain monies allegedly due for supplying materials for use on a public works construction project. The defendants named were:

(1)   Sletten Construction Co., the general contractor, who entered into the project with the state of Montana for the construction of a highway and certain bridges in Mineral County, Montana;

(2)   St. Paul Fire and Marine Insurance Co., Sletten's surety, who issued a bond for the benefit of the state of Montana with Sletten as principal;

(3)   Del Welch Construction Co., Sletten's subcontractor, who was furnished certain materials by Treasure State for which Treasure State is attempting to recover from all defendants; and

(4)   Aetna Life and Casualty Co. the surety for Del Welch Construction Co., who issued a bond with Sletten as obligee and with Welch as principal.

The district court, Cascade County, granted a partial summary judgment against Aetna on the issue of liability, and judgment was entered for damages, which for the purpose of this appeal only, were agreed upon by Treasure State and Aetna.  Aetna appeals from this judgment.

The major issue presented on appeal is whether Treasure State, a third-party materialman, is entitled to a cause of action against Aetna on its surety bond, which names Sletten, the general contractor as the sole obligee.

In the Aetna bond there is no promise to pay for any materials, although the underlying subcontract provides such an obligation for Welch, the subcontractor. Aetna's obligations under this bond are not specifically conditioned upon the payment of any supplied materials. On the contrary, the obligation of Aetna under this bond is merely conditioned upon the faithful performance of the subcontract or, in the alternative, indemnification of Sletten, the obligee. A surety bond is simply a contract and should be interpreted in the same manner as other contracts. Section 13-702, R.C.M. 1947, is the Montana statute which governs the interpretation of contracts:

> "Contracts--how to be interpreted. A contract
> must be so interpreted as to give effect to the
> mutual intention of the parties as it existed
> at the time of contracting so far as the same is
> ascertainable and lawful."

In interpreting the obligation of Aetna under this surety bond, which incorporated by reference the subcontract between Sletten and Welch, it is necessary to construe the surety bond and the underlying contract together. Watson v. O'Neill, 14 Mont. 197, 35 P. 1064; Section 13-708, R.C.M. 1947.

Neither the language of the bond nor the language of the underlying subcontract specifically mentions Treasure State in any way and for Treasure State to recover from Aetna on this bond, Treasure State must do so as a third-party beneficiary pursuant to section 13-204, R.C.M. 1947, which provides:

> "When contract for benefit of third person may be
> enforced. A contract, made expressly for the
> benefit of a third person, may be enforced by him
> at any time before the parties thereto rescind it."

Unless it was the intent of Sletten, Welch and Aetna at the time of the execution of the bond to expressly benefit or protect Treasure State, it cannot recover from Aetna on the bond. Therefore, it

becomes necessary to examine the mutual determination as to the intent of the parties as it existed at the time of the contracting.

Aetna contends this bond is a true indemnity bond. According to this view, the insertion in a bond or contract made part of the bond, of a condition to pay laborers and materialmen and of a condition to indemnify the obligee, indicates an intent that the former condition was intended for the protection of the obligee and not for the benefit of laborers and materialmen. In other words, the condition for the indemnification of the owner modifies and explains the condition for the payment of laborers and materialmen.

Treasure State contends this is not a true indemnity bond and that it was the intent of all parties that the materialmen should have a cause of action on the Aetna bond in the event they remained unpaid. It is argued that performance of the subcontract includes payment of the materialmen and therefore, an intent to directly benefit all materialmen is evidenced by the bond.

Treasure State contends Weissman & Sons, Inc. v. St. Paul Insurance Co., 152 Mont. 291, 448 P.2d 740, is controlling. We feel Weissman can be distinguished on the facts. In Weissman the surety bond and the contract contained an express provision to pay materialmen. The bond in the instant case contained no such provision. In Weissman the surety bond contained no condition of indemnification of the named obligee. The subcontract in Weissman did not contain a special provision whereby the subcontractor agreed to indemnify the contractor. Such a provision is present in the instant case. Finally, since Weissman did not deal with a public works contract, there was no statutory provision (section 6-401, R.C.M. 1947) allowing all materialmen a

- 4 -

right of action on the prime contractor's bond. Therefore, the materialmen were not specifically protected in Weissman until the prime contractor required a bond from the surety company specifically conditioned upon the payment of all materialmen. Weissman is clearly distinguishable from the instant case on the facts and therefore would not control.

This Court in Gary Hay & Grain Co., Inc. v. Carlson, 79 Mont. 111, 255 P. 722, made it clear that although the surety bond and the underlying contract must be read together to ascertain the parties' intentions, the surety's obligations are not coextensive with obligations of the underlying contract. For this proposition the Court cited Blyth-Fargo Co. v. Free, 46 Utah 233, 148 P. 427, a case concerning a surety bond which was conditioned upon the performance of the underlying contract and upon indemnification of the obligee. In Blyth-Fargo the court found there was no intent on the part of the surety or contractor to protect or benefit third-party materialmen, even though the underlying contract contained a promise on the part of the contractor to pay all materialmen. This Court made special note of the fact that, unless a promise of the principal is contained in the underlying contract was also specifically mentioned or made a condition in the surety bond, the surety would not have obligations coextensive with and measured by the promises of the principal in the underlying contract. In the instant case, even though there exists a promise on the part of Welch in the subcontract to pay all materialmen, there was no condition in Aetna's bond which would make this obligation on the part of Welch coextensive with the obligations of Aetna.

- 5 -

The decision in Gary Hay & Grain Co., Inc. v. Carlson, supra, was approved by the 9th Circuit Court of Appeals in National Surety Co. of New York v. Ulmen, 68 F.2d 330, 336, in this language:

"In view of the foregoing decisions of the Supreme Court of Montana, it is our view that, in that state, a third person who is a stranger to a contract or a bond thereunder, cannot recover from the surety even when the contract and bond, as here, contain some reference to him or to the class to which he belongs, unless there is a specific promise to pay such third person or such class, contained in the contract and bond."

This decision further supports the rule that the mere fact the underlying subcontract of Welch contained a promise to pay all materialmen in no way creates an obligation on the part of Aetna, the surety, unless the bond itself contains a similar promise to pay the materialmen.

Clearly at the time Sletten and Welch executed the subcontract agreement, all materialmen were adequately protected by the St. Paul Fire and Marine Insurance Co.'s bond given pursuant to section 6-401 and section 6-404, R.C.M. 1947. The same protection still existed for all materialmen on August 7, 1972, when Aetna's bond was executed. This raises the question of whether Sletten required Aetna's bond for its own benefit or whether it required this bond for the benefit of the materialmen who were already protected by the St. Paul bond.

McGrath v. American Surety Company of New York, 307 N.Y. 552, 122 N.E.2d 906, deals with a factual situation similar to the instant case. In McGrath, a contractor entered into a public works contract with the United States. The federal statute, Title 40 USCA, §§ 270a and 270b, known as the Miller Act, was in existence and required a contractor to furnish a performance bond guaranteeing the completion of the work and a payment bond

guaranteeing the protection of all persons supplying labor and material. For all intents and purposes, this federal act is identical to section 6-401, et.seq., R.C.M. 1947. The contractor in McGrath subcontracted a portion of the work. The plaintiff, who provided labor and services for the subcontractor, attempted to recover on the subcontractor's bond which was conditioned upon payment by the subcontractor of its obligations to laborers and materialmen. The court held the plaintiff had no right of action upon the subcontractor's bond because the bond was executed merely for the benefit of the contractor, and not the materialmen.

In McGrath, the bond in question was conditioned upon payment of all materialmen. In the instant case the obligation of Aetna is merely conditioned upon indemnifying Sletten or, in the alternative, the performance of the subcontract. Therefore, the intent of the contractor, the subcontractor, and the surety, in McGrath, was not as clearly expressed as in the instant case where there is no promise whatsoever on the part of Aetna, the surety, to pay materialmen. The object in Sletten's requiring Welch and Aetna to execute the indemnity bond was only to protect Sletten against the contingency which would arise if Sletten or its surety, St. Paul, suffered any damages because of an action brought by a laborer or materialman pursuant to section 6-401. There is no intent whatsoever expressed in the bond of Aetna to provide any greater rights for materialmen than were already provided by section 6-401, et seq.

In Spokane Merchants' Association v. Pacific Surety Co., 86 Wash. 489, 150 P. 1054, a bond executed with a subcontractor as the principal and conditioned upon the payment of all laborers and materialmen was found to be only for the benefit of the prime

contractor who had a public works contract with the state of Washington. Washington had statutes similar to section 6-401, et seq., R.C.M. 1947, and the court found the intent of the subcontractor's bond was merely to benefit the prime contractor since it was liable under its statutory bond to the state for all debts incurred by the subcontractor as well as any other debts incurred by itself.

Here, under the facts and in light of the authorities heretofore cited, Sletten, Welch and Aetna did not intend to benefit or protect any third-party materialmen by the execution of Aetna's bond, but merely meant to protect Sletten, the named sole obligee. All third-party materialmen were already adequately protected by the statutorily required bond executed by St. Paul Fire and Marine Insurance Co.

In City of Butte v. Bennetts, 51 Mont. 27, 30, 149 P.92, this Court stated:

> "'Sureties have the right to rely upon the letter of their undertakings, and their liability cannot be extended by implication.'"

The provisions of Aetna's bond are clear and its obligation under that bond is conditioned upon the faithful performance of the subcontract or, in the alternative, indemnification of Sletten, the named obligee. The bond does not contain any condition or promise concerning payment of materialmen. The subcontract between Welch and Sletten contains a similar provision for the indemnification of Sletten and also contains a promise on the part of Welch to pay all materialmen. Although both documents must be construed together, Aetna intended to limit its obligation under the bond and did so. Sletten, the obligee, agreed with this limitation and the express intent of the parties cannot be overturned because Treasure State desired

to sue Aetna in lieu of St. Paul.

In summary, the provisions in Aetna's bond which provide for indemnity of Sletten only evidence an intent to protect Sletten, not Treasure State. For this reason, Treasure State has no right of action against Aetna on the bond.

The final issue on appeal is whether this Court should grant summary judgment for the defendant surety against plaintiff although motion for summary judgment was not made by defendant surety company to the district court.

Section 93-216, R.C.M. 1947, in pertinent part, states:

"**Powers and duties of supreme court on appeals.** The supreme court may affirm, reverse, or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had."

6 Pt.2 Moore's Federal Practice, ¶ 56.27[2] gives support to entry of summary judgment by an appellate court and states that an appellate court has the power to "* * * order summary judgment for appellant, both where he made no motion and also where he made a cross-motion in the trial court * * *."

There can be no doubt that as a matter of law Aetna is entitled to judgment against Treasure State. The summary judgment granted Treasure State is reversed. Summary judgment for Aetna against Treasure State is ordered.

_____
                    Justice

We Concur:

_____

_____

_____
Justices.

_____
Hon. Peter G. Meloy, District
Judge, sitting for Chief Justice
Paul G. Hatfield.

- 9 -