MR. JUSTICE WEBER
delivered the Opinion of the Court.
Mary Pat Miller (now Mrs. Mullner) appeals the summary judgment dismissing her wrongful discharge complaint against defendants. The District Court for Yellowstone County concluded that applying the tort of bad faith in this case would infringe upon the free exercise of religion. We affirm.
The issue is whether the free exercise of religion clauses of the United States and Montana Constitutions bar consideration of the tort of breach of the covenants of good faith and fair dealing in the discharge of Mrs. Mullner for her failure to maintain discipline in the classroom.
*115 The defendants also raise the issue of whether summary judgment can be upheld because no breach of the implied covenant of good faith and fair dealing is established in the record.
Little Flower School in Billings is part of the Catholic school system administered by the Catholic Diocese of Great Falls-Billings. Mrs. Mullner taught fifth and sixth grade students there during the school year 1983-84. Her immediate supervisor evaluated her as “outstanding” in every category. Her contract was renewed and she received a $1,000 raise for the 1984-85 school year.
During the 1984-85 school year, Mrs. Mullner had a new supervisor (the head teacher). The new head teacher did not approve of Mrs. Mullner’s teaching methods. The District Court file contains a copy of the head teacher’s dated notes documenting her concerns and the concerns of parents, other teachers, and the school administrator about a lack of discipline in Mrs. Mullner’s classroom. Mrs. Mullner admits that the head teacher spoke with her “on more than one occasion” about problems in her classroom. In November 1984 Father Wagner, the school administrator, told Mrs. Mullner that the next day would be her last day of teaching at the school, because she was not properly disciplining the children in her class. She was paid for the following fifteen days, pursuant to the termination clause in her teaching contract.
Mrs. Mullner filed this suit alleging breach of the covenant of good faith and fair dealing in employment. Discovery was conducted, including depositions of Mrs. Mullner, the head teacher, and Father Wagner. Defendants produced various documents, including copies of Mrs. Mullner’s employment contract, her evaluation, and the 1984-85 Little Flower School handbook and code of conduct booklet. The defense moved for summary judgment that application of the tort of bad faith would impermissibly interfere with freedom of religion. The District Court granted that motion.
Since an affirmative answer to the issue raised by defendants would eliminate the necessity of reaching the constitutional issue, we will discuss defendants’ issue first.
I
Can summary judgment be upheld because no breach of the implied covenant of good faith and fair dealing is established in the record?
The defendants argue that nothing in the record establishes any *116 breach of an implied covenant of good faith and fair dealing. They maintain that there were no objective manifestations of job security to Mrs. Mullner, and that there were indications to her that she was not performing satisfactorily. They also maintain that there has been no evidence of lack of good faith on the part of Father Wagner.
The defendants’ brief to the District Court in support of their motion for summary judgment did not raise this argument. It discussed only the constitutional issue. Issues not raised before the district court are generally not considered on appeal. Mont. Ass’n of Underwriters v. State, etc. (1977), 172 Mont. 211, 218, 563 P.2d 577, 581. However, this Court has the power to grant summary judgment even when no motion has been made. Treasure State Industries Inc. v. Welch (1977), 173 Mont. 403, 410, 567 P.2d 947, 951. Even so, the complaint’s allegation of defendants’ bad faith is supported by Mrs. Mullner’s deposition. She further contends that she would have submitted additional evidence on this point, had it been raised in the lower court. Her position is that she reasonably believed her employment would continue. We conclude the record does not support summary judgment on this basis.
II
Do the free exercise of religion clauses of the United States and Montana Constitutions bar consideration of the tort of breach of the covenants of good faith and fair dealing in the discharge of Mrs. Mullner for her failure to maintain discipline in the classroom?
The relevant constitutional provisions are U.S. Const. Amend. I:
“Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; . . .” and Art. II, Section 5, Mont. Const.:
“Freedom of religion. The state shall make no law respecting an establishment of religion or prohibiting the free exercise thereof.” Former Chief Justice Burger has acknowledged for the United States Supreme Court, in regard to the federal provision, that “[c]andor compels acknowledgment. . . that we can only dimly perceive the lines of demarcation in this extraordinarily sensitive area of constitutional law.” Lemon v. Kurtzman (1971), 403 U.S. 602, 612, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745, 755. The Court provided more guidance on application of the free exercise clause in Wisconsin v. Yoder (1972), 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15. In *117 that case, the Court held that a Wisconsin requirement that all children attend school until the age of 16 was unconstitutional when applied to the Amish respondents, because compelling public school attendance beyond the eighth grade unconstitutionally interfered with their religious beliefs. The Court stated:
“The essence of all that has been said and written on the subject is that only those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion.”
Yoder, 406 U.S. at 215, 92 S.Ct. at 1533. We use that standard as our guide.
The parties do not dispute that Little Flower School played an important role in the religious mission of the Roman Catholic Church — that is, teaching the students the elements of the Catholic faith. Defendants point out that all aspects of parochial school education, including discipline, are permeated with the religious mission of the school. We agree with the conclusion of the District Court in Lemon that parochial schools constitute an integral part of the religious mission of the Catholic Church, and with the statement that “[i]n short, parochial schools involve substantial religious activity and purpose.” Lemon, 403 U.S. at 616, 91 S.Ct. at 2113.
This case must be distinguished from the cases cited by Mrs. Mullner involving such issues as wage rates in parochial schools or the application of neutral principles of law to division of property claimed by various members of a church group. See e.g., Donovan v. Shenandoah Baptist Church (D.C.Va. 1983), 573 F.Supp. 320; Jones v. Wolf (1979), 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775. In order to consider Mrs. Mullner’s contentions, this case requires an analysis of the discipline methods used in teaching various school subjects, including religion itself. The suggestion is made that consideration can be given to the methods of discipline without becoming involved with claims which are rooted in a religious belief. Father Wagner’s deposition testimony demonstrates why this division of discipline from religious instruction cannot easily be made. He testified that he was not able to successfully teach religion to the students in Mrs. Mullner’s classroom because of the absence of proper discipline. This example demonstrates how the failure to discipline in an acceptable manner directly interfered with the teaching of religion, which is one of the aspects of the free exercise of religion. Further, defendants point out that discipline itself is an essential element of the religious faith taught at Little Flower School.
*118 A judicial determination of the presence or absence of good faith on the part of Father Wagner would require the court to examine the school’s discipline policy as applied to classroom instruction covering both religious and nonreligious subjects, and to evaluate Father Wagner’s interpretation and application of that discipline policy. Such an examination of necessity would impinge upon elements of the teaching of religion, or the free exercise of religion. We conclude that discipline in the classroom is so intertwined with teaching which in turn is intertwined with religious principles that a court cannot properly make the determination requested here without interfering with a legitimate claim to the free exercise of religion.
The breach of the covenant of good faith and fair dealing in employment is a common-law tort which has been recently recognized in Montana but is not universally recognized. Gates v. Life of Montana Ins. Co. (1982), 196 Mont. 178, 638 P.2d 1063, 39 St.Rep. 16. We apply the Yoder standard as our guide and conclude that Mrs. Mullner’s tort claim is not a right “of the highest order and not otherwise served” so as to overbalance defendants’ claim to the free exercise of religion. We hold that this suit is barred by the free exercise of religion, clauses of the United States and Montana Constitutions.
Mrs. Mullner argues that resolution of this issue in defendants’ favor will result in excessive government entanglement with religion, in violation of the Establishment Clause of the United States Constitution. A three-factor balancing test has been developed for evaluating Establishment Clause claims. The factors are: (1) the character and purpose of the institution involved; (2) the nature of the law’s intrusion into church affairs; and (3) the resulting relationship between the government and the religious authority. Lemon, 403 U.S. at 615, 91 S.Ct. at 2112. The religious character and purpose of Little Flower School is not disputed. Denying application of the tort of bad faith in this case does not result in an intrusion into church affairs. The resulting relationship between government and the religious authority is negligible, at best, because our holding applies only to this particular situation, and not to all applications of the tort of bad faith to religious organizations. We conclude after examining the three factors set forth in Lemon that prohibiting Mrs. Mullner’s lawsuit does not violate the Establishment Clause.
Because allowing Mrs. Mullner’s lawsuit to go forward would im *119 permissibly interfere with the free exercise of religion, we affirm the summary judgment of the District Court.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES GULBRANDSON and SHEEHY concur.