No. 90-046

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

HARLEY HOVEN, ESTATE OF DONNA HOVEN,
and HOVEN CONSTRUCTION CO., a Montana
Corporation,

                Plaintiffs and Appellants,

        -v-

FIRST BANK (N.A.)-BILLINGS, a National
Banking Association, and FBS CREDIT
SERVICES, INC., a Minnesota Corporation,

                Defendants and Respondents.

FIRST BANK (N.A.)-BILLINGS, a National
Banking Association,

                Counterclaimant,

        -v-

HARLEY HOVEN, ESTATE OF DONNA HOVEN,
and HOVEN CONSTRUCTION CO., a Montana
Corporation,

                Counterclaim Defendants.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Maurice R. Colberg, Jr., Judge
                presiding.


COUNSEL OF RECORD:

        For Appellant:

                James P. Murphy, Billings, Montana

        For Respondent:

                Stephen D. Bell and Charles W. Hingle; Dorsey &
                Whitney; Billings, Montana
                Keith Strong; Dorsey & Whitney; Great Falls, Montana


                        Submitted on Briefs:  May 30, 1990

                                Decided: August 23, 1990

Filed:


                                Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

In the District Court for the Thirteenth Judicial District, Yellowstone County, plaintiffs Donna Hoven, for whom the estate of Donna Hoven has been substituted, and Harley Hoven, her husband, and Hoven Construction Company (Hoven Construction), all collectively referred to as Hovens, appeal from the Order granting the summary judgment motion of the defendants, First Bank (N.A.)--Billings and FBS Credit Services, Inc., servicing agent for First Bank, together referred to as Bank. We affirm.

The sole issue for our review is whether economic duress is a defense to the signing of the 1985 and 1986 Agreements?

The final pre-trial order sets forth the following agreed facts: Hoven Construction is a Montana corporation with its principal place of business in Laurel, Montana. Its sole stockholders were Harley and Donna Hoven.

Hoven Construction began doing business with Midland National Bank (Midland) in May, 1971. Midland later changed its name to First Bank (N.A.)-Billings. Over the years, Hoven Construction became one of the largest utility and excavation contractors in the Billings area. Although the company did various kinds of excavation, the bulk of its work was the installation or replacement of water and sewer lines in the city of Billings and other cities in Montana. Harley Hoven did all of the bidding for the jobs and spent most of his time working on the jobs himself.

In the spring of 1985, the Hovens were in debt to the Bank in the amount of $885,798.29, plus interest. On May 17, 1985, the

2

Hovens executed and signed a "Workout Agreement" (the 1985 Agreement), three promissory notes, two Montana Trust Indentures and two mortgages with the Bank. The pertinent parts of the 1985 Agreement stated:

> D. The total outstanding balance owing Bank on 5/17/85 , 1985, is $885,798.24, plus interest. Borrower warrants, represents and acknowledges that it has no defenses to payment of, nor any right to set off against, all or any of the foregoing sums nor any counterclaims or other actions against the Bank of any kind whatsoever.

> E. Borrower acknowledges that said debt is in default and wishes to repay the principal and interest owing Bank according to the terms stated herein.

> 22. Borrower hereby, and for its successors and assigns, releases, acquits and forever discharges Bank and its agents, servants, successors, heirs, executors, administrators, officers, directors, employees, and attorneys, and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever which the Borrower now has or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen damages and consequences thereof resulting from any action or inaction concerning the transactions between Borrower and Bank.

In March of 1986, FBS Credit Services, Inc. handled the Hovens' account as servicing agent for the Bank. Martin Moss of FBS Credit was the officer primarily responsible for the Hovens' account. Both the Bank and FBS Credit are a part of First Bank System, Inc. This is the end of our summary of the agreed statement of facts.

In addition to admitted default, Hoven Construction acknowledged in paragraph F of the 1986 Agreement that it breached its contract by failing to apply all receivables to its debt.

3

Specifically, Hoven Construction failed to remit to the Bank the sum of $118,118.59 that it had collected, in violation of the Bank's secured interest in Hoven Construction accounts receivable.

Hovens signed a second agreement with the Bank on May 9, 1986 (the 1986 Agreement). Relevant portions of the 1986 Agreement are:

> B.    Borrower acknowledges that the operating line of credit note matured April 7, 1986, and had to be renewed. The real estate note matured April 17, 1986, and is in default. Borrower acknowledges that the Bank desires to be paid in full for all amounts due and owing under said notes, and Borrower enters into this Agreement for the purpose of paying said notes in full according to the terms and conditions of this Agreement.

> D.    The total outstanding principal balances owing Bank according to the terms of the promissory notes described above on May 9, 1986, is $885,448.39, plus interest.

> F.    Borrower acknowledges that, according to the terms and conditions of the existing Agreement between the parties herein, Borrower was required to apply all receivables from the City of Billings contract on the indebtedness at the Bank, but despite this obligation of Borrower, Borrower failed to apply the sum of $118,118.59, dated March 28, 1986.

> 6. Borrower agrees to retain and consult a qualified financial advisor, preferably a certified public accountant, for the purpose of consultation and guidance regarding the monetary affairs of the business, including but not limited to, matters concerning income and expenditures, control of overhead, and budgetary projections.

> 20. NO DEFENSE.    THE    BORROWER    WARRANTS, REPRESENTS AND ACKNOWLEDGES THAT THEY HAVE NO DEFENSES TO PAYMENT OF, NOR ANY RIGHT TO SET OFF AGAINST, ALL OR ANY OF THE OBLIGATIONS TO BANK SET FORTH IN THIS AGREEMENT AND THE NOTE OR NOTES EXECUTED PRIOR OR PURSUANT HERETO, NOR ANY COUNTER CLAIMS OR OTHER ACTIONS AGAINST BANK OF ANY KIND WHATSOEVER, EXCEPTING THE TRANSACTION REGARDING THE WOODLAND HILLS SUBDIVISION. BORROWER ACKNOWLEDGES THAT THE DEBTS EVIDENCED BY EXHIBITS "A", "B", "C" WILL BE EXTENDED ONLY TO OCTOBER 1, 1986, AT WHICH TIME ALL SUMS OWED ARE DUE AND PAYABLE, INCLUDING NEW MONEYS ADVANCED BETWEEN THE DATE OF THIS

OR A SUBSEQUENT AGREEMENT, AND THE END OF THE BUDGET.

As above mentioned, all debts were to be extended only to October 1, 1986. Hoven Construction ceased business operations at the end of September, 1986. On February 11, 1987, the Hovens filed an action in the United States District Court for the District of Montana which alleged breach of the covenant of good faith and fair dealing, breach of fiduciary duty, misrepresentation and fraud and tortious interference with contracts by the Bank. That action was dismissed without prejudice on April 28, 1987, for the reason that the Federal Court lacked subject matter jurisdiction.

On April 21, 1987, the Bank filed suit in Yellowstone County District Court against the Hovens, seeking recovery on the promissory notes executed by the Hovens, and foreclosure of the mortgages and security instruments. On April 23, 1987, the Hovens filed suit against the Bank, FBS Credit and First Trust Company of Montana. These two cases were consolidated on July 1, 1987. The Hovens were designated as the plaintiffs.

On December 14, 1988, the Bank filed its motion for summary judgment asserting that the Bank had been released from all liability under the terms of the 1985 Agreement and the 1986 Agreement. The pertinent response on the part of the Hovens asserted that the releases were obtained through economic duress and were void as against public policy. The Bank filed a joint answer and counterclaim. Following a hearing on the summary judgment motion, on March 9, 1989, the District Court granted the Bank's motion for summary judgment. The Hovens appeal that

decision.

The issue: Whether economic duress is a defense to the signing of the 1985 Agreement and the 1986 Agreement?

Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Any inferences to be drawn from the factual record must be resolved in favor of the party opposing summary judgment and summary judgment is never a substitute for a trial on the merits. Batten v. Watts Cycle and Marine, Inc. (Mont. 1989), 783 P.2d 378, 46 St.Rep. 1984.

In this case summary judgment was founded on the legal issue of the release language of the the 1985 and 1986 Agreements. Hovens urge that they were under economic duress when they signed both the 1985 Agreement and the 1986 Agreement. They contend that such economic duress was based upon the impending threat of civil or criminal penalties, including overdraft charges which could result, and the requirement on the part of the Hovens that they pay wages and other obligations with a failure to pay resulting in potential penalties, both civil and criminal. In addition, the Hovens argue that the Bank refused to extend other credit except on the terms set forth in the two agreements, thereby forcing execution by the Hovens. In substance the Hovens contend they had no choice but to sign the agreements, because the failure to sign would have resulted in a refusal on the part of the Bank to make further loans and foreclosure by the Bank.

The Bank contends that the releases are clear and unambiguous

6

in terms. The Bank argues that the Hovens did not suffer from any legally recognized duress at the time they signed the two agreements. The Bank contends there is a factual failure to show economic duress. The Bank contends that this case is similar to Aldrich & Co. v. Donovan (1989), 238 Mont. 431, 778 P.2d 397. The Bank argues that Donovan was under similar pressure to the Hovens in this case--he was pressured by his need for further credit, not by any duress imposed by the lender. That was held not to be a basis for a claim of economic duress.

In its Memorandum in support of summary judgment, the District Court considered various theories. The District Court considered Sprunk v. First Bank Western Montana Missoula (1987), 228 Mont. 168, 741 P.2d 766, as the closest factual case to the present case. It pointed out that under Sprunk a release could be set aside if it was obtained fraudulently or without adequate consideration. However, the District Court disposed of that theory by pointing out that the Hovens failed to raise a genuine issue of material fact because they failed to set forth facts establishing fraud or inadequacy of consideration.

The District Court next considered the theory of economic duress. It referred to 79 ALR 3d, § 2(a) at 603, as setting forth the three elements of economic duress or compulsion; a (1) wrongful act that; (2) overcomes the will of a person; (3) who has no adequate legal remedy to protect his interests. The District Court pointed out that the Hovens argued that they were under economic duress because they had overdrawn their checking account, had

borrowed up to their credit limit, and had payroll and other obligations to meet. The District Court concluded that the Hovens had failed to provide any facts to satisfy the elements of economic duress. The Hovens had failed to set forth facts establishing a wrongful act on the part of the Bank in requiring the plaintiffs to sign the agreements. It pointed out that economic duress is not established merely by proof that consent was secured by the pressure of financial circumstances. The District Court concluded that the defense of economic duress or undue influence could not be made under the facts of this case.

We agree with the conclusions of the District Court on the economic duress theory. The Aldrich case cited above was decided by this Court subsequent to the summary judgment decision by the District Court. The statements by this Court in Aldrich are peculiarly pertinent here:

> A claim of economic duress requires a showing that the contract at issue was made under circumstances evincing a lack of free will on the part of the contracting parties. It is not sufficient to show that consent was secured by the pressure of financial circumstances, or that one of the parties merely insisted on its legal right. . . . The note at issue here evidenced an existing debt owed by Donovan to Aldrich. Aldrich did not force Donovan to incur the debt. Aldrich had a legal right to require security of some sort before extending further credit to Donovan. He was therefore "pressured" only by his need for further credit, not by any duress imposed by Aldrich. Aldrich was therefore entitled to summary judgment on the note. (Citations omitted).

Aldrich, 778 P.2d at 401. In his affidavit in opposition to the Bank's summary judgment motion, Mr. Hoven set forth the factual theory upon which he based his claim of economic duress. In substance, the facts established by the Hovens make it clear that

8

the duress suffered by them was the result of their own financial circumstances. As stated in the above quote, it is not sufficient to show that consent was secured by the pressure of financial circumstances.

We conclude that the District Court was correct in its determination that the Hovens had failed to set forth facts which establish economic duress as a defense to the releases contained in the 1985 Agreement and the 1986 Agreement. We therefore hold that the Hovens have failed to establish that economic duress was present in the signing of the 1985 and 1986 Agreements. As a result, we affirm the summary judgment ruling in favor of the Bank by the District Court.

We will briefly discuss other issues raised by the Hovens in their briefs. The Hovens argue that there was a fiduciary relationship which should result in a different decision. The Bank disputed the presence of the fiduciary relationship. The District Court concluded that the Hovens had failed to present facts showing such a fiduciary relationship. After a review of the record, we conclude that the District Court was correct in its conclusion that the facts presented do not demonstrate a fiduciary relationship and the issue was properly disposed of by summary judgment.

The Hovens argued that the release provisions of the two agreements were not enforceable because of the provisions of § 28-2-702, MCA. That code section in substance provides that a contract which exempts anyone from responsibility from his own fraud, or wilful injury, or for a violation of law, is against the

policy of law. The Hovens failed to present facts bringing that statute into play. By its terms the statute therefore does not apply to existing claims. We conclude there is no proper basis for the application of § 28-2-702, MCA, to this case.

The Hovens filed with this Court a motion to strike the 1985 Agreement because the Bank failed to attach it to its briefs on the original motion for summary judgment, claiming that, as a result, the 1985 Agreement was not a part of the record before the District Court. Hoven admits he was aware of the provisions of the agreement. The Bank made reference to the agreement in its brief but did not initially attach a copy. In a similar manner Hoven Construction referred to the agreement in its pleadings. The Bank provided a copy of the agreement to the District Court prior to the hearing on the motion for summary judgment. Hoven did not file a motion to strike the 1985 Agreement or otherwise object. We conclude that Hoven waived any right to object to the absence of the agreement.

The Hovens contend that the releases are not clear and unambiguous and therefore are not enforceable. In addition the Hovens contend that the 1986 release was a novation of the 1985 release. Neither of those issues was presented to the District Court. We therefore decline to address either issue on appeal because of the absence of presentation to the District Court. See Wyman v. DuBray Land Realty Co. (1988), 231 Mont. 294, 752 P.2d 196; Miller v. Catholic Diocese of Great Falls (1986), 224 Mont. 113, 728 P.2d 794.

We affirm the summary judgment.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

11

Justice William E. Hunt, Sr., dissenting:

I dissent. It need hardly be said that summary judgment is inappropriate when a case presents disputed issues of material fact. In this case, the Hovens allege that they were forced to sign agreements in which they forewent legal rights and defenses under the threat of civil and criminal penalties. By granting summary judgment, the majority, and the District Court before it, concludes as a matter of law that the threat of civil and criminal penalties does not constitute economic duress. Under the circumstances alleged in this case, I cannot agree. The Hovens have raised material issues of fact which should be presented to a jury for its consideration. They should not be disposed of by the District Court on a motion for summary judgment.

Once again, the majority has approved the trend among the district courts in this state to sit as fact finders in motions for summary judgment, thereby denying plaintiffs their rightful day in court. What is the old saying? If I had a nickel for every dissent I've written protesting this trend . . . .

Justice

12

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 90-046

HARLEY HOVEN, ESTATE OF DONNA HOVEN,
and HOVEN CONSTRUCTION CO.,
a Montana Corporation,

        Plaintiffs and Appellants,

  -v-

FIRST BANK (N.A.) - BILLINGS, a National
Banking Association, and FBS CREDIT
SERVICES, INC., a Minnesota Corporation,

        Defendants and Respondents,     )
                                       )    O R D E R
                                       )

FIRST BANK (N.A.) - BILLINGS a National
Banking Association,

        Counterclaimant,

  -v-

HARLEY HOVEN, ESTATE OF DONNA HOVEN,
and HOVEN CONSTRUCTION CO.,
a Montana Corporation,

        Counterclaim Defendants.

 

The plaintiffs have filed a petition for rehearing and defendants have filed their response. After considering the same, we order that the following change be made in our opinion in this matter.

Delete the following paragraph on page 9:

> We will briefly discuss other issues raised by the Hovens in their briefs. The Hovens argue that there was a fiduciary relationship which should result in a different decision. The Bank disputed the presence of the fiduciary relationship. The District Court concluded that the Hovens had failed to present facts showing such a fiduciary relationship. After a review of the record, we conclude that the District Court was correct in its conclusion that the facts presented do not demonstrate a fiduciary relationship and the issue was properly

disposed of by summary judgment.

In place of the above paragraph substitute the following:

> We will briefly discuss other issues raised by the Hovens in their briefs. The Hovens argue that there was a fiduciary relationship which should result in a different decision. The Bank disputed the presence of the fiduciary relationship. After a review of the record, we conclude that the facts presented do not demonstrate a fiduciary relationship and the issue was properly disposed of by summary judgment.

In all other respects, our opinion shall remain unchanged.

With the foregoing exception the petition for rehearing is denied.

DATED this 24ᵗʰ day of September, 1990.

_____
Chief Justice

_____

_____

_____
Justices


Justice William E. Hunt, Sr. would grant the petition for rehearing.