JUSTICE WEBER
delivered the Opinion of the Court.
When the Harlem Irrigation District discontinued delivery of water to the Loves for failure to pay water assessments, Loves brought suit against the Irrigation District for failure to give adequate notice. The District Court of the Seventeenth Judicial District, Blaine County, granted the defendants motion for summary judgment based on immunity. From that order, plaintiffs appeal. We affirm.
The sole issue for our review is: Did the District Court err in granting summary judgment in favor of defendants on the basis of immunity?
Plaintiffs (Loves) owned and operated a family farming and ranching operation located within the Harlem Irrigation District (Irrigation District) located in Blaine County, Montana. The Irrigation District was established pursuant to § 85-7-101, MCA, and is a public corporation for the promotion of the public welfare. The commissioners of the Irrigation District are qualified and elected pursuant to state law. §§ 85-7-1501 and 85-7-1702, MCA. The *445 individual defendants, Larry Mohar (Mohar), Gilbert L. Anderson (Anderson) and Knute Kulbeck (Kulbeck) were the commissioners for the Irrigation District at the time relevant to this litigation.
The Loves were members of the Irrigation District since 1967. As such members they were assessed bi-yearly taxes for the operation of the Irrigation District. The Loves paid their assessment up to and including the installment for the first half of 1980. However, the second installment for 1980 and all subsequent installments up to the time of this litigation were not paid.
On May 12, 1983, the Irrigation District sent a certified letter to the Loves which read:
“Dear Mr. and Mrs. Love:
“It was brought to the attention of the Board, dining the State audit which was completed in March, 1983, that water assessments on your property are more than two years in arrears. Pursuant to Montana Law Section 85-7-1902, the Harlem Irrigation District wishes to advise you that as of May 25, your water service will be terminated unless delinquent water assessments are paid.
“We regret that this action has become necessary. We also wish to advise you that delinquent water assessments may be paid separately when county taxes are also delinquent.
“If payment has been made since May 9, please disregard this notice.
“Sincerely yours,
“/s/Gilbert L. Anderson
“President”
The letter was not picked up by the Loves and was returned to the Irrigation District. The water assessment was not paid and water was not delivered to the Loves. The Loves’ claim that their crops failed as a result.
Loves filed suit on August 5, 1983, alleging that the Irrigation District and the individual commissioners were liable for crop losses and punitive damages. On November 28, 1983, the District Court ruled that the Loves were not in fact two years delinquent in their water assessments until 5:00 p.m., May 31, 1983. The Irrigation District erred in its position that the Loves were delinquent prior to that date.
Discovery and litigation continued, and six years later, on November 9, 1989, the District Court entered its order allowing the *446 defendants to amend its answer to raise immunity as an affirmative defense. Final judgment was entered on November 20,1989, granting defendants motion for summary judgment on the grounds of immunity.
On December 4,1989, the Loves made a motion to amend the order and for new trial based, in part, upon newly discovered evidence. The District Court ruled that the new evidence was incompetent, and declined to reverse its summary judgment. This appeal followed.
Did the District Court err in granting summary judgment in favor of defendants on the basis of immunity?
The Loves argue that under Montana law, the immunity issue is considered an affirmative defense. They maintain that the defenses of laches and estoppel should control since defendants had never raised the immunity defense through six and one-half years of litigation. Loves further contend that defendants are not immune because they did not act as a legislative body.
Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.R Any inferences to be drawn from the factual record must be resolved in favor of the party opposing summary judgment and summary judgment is never a substitute for a trial on the merits. Hoven v. First Bank (N.A.) - Billings (1990), [244 Mont. 229,] 797 P.2d 915, 47 St.Rep. 1563.
In this case there are no genuine issues of material fact. The Irrigation District is clearly a “governmental entity” within the meaning of § 2-9-111, MCA. As defendants point out, “governmental entity” includes “political subdivisions” as defined in § 2-9-101(5), MCA:
“ ‘Political subdivision’ means any county, city, municipal corporation, school district, special improvement or taxing district, or any other political subdivision or public corporation. (Emphasis added).”
Section 85-7-109, MCA, provides:
“Every irrigation district so established is a public corporation for the promotion of the public welfare, and the lands included therein shall constitute all the taxable and assessable property of such district for the purposes of this chapter. (Emphasis added).”
Under § 2-9-111(2), MCA, a “governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.” Harlem Irrigation District is clearly a governmental entity immune from suit under these definitions. *447 Under § 2-9-111(3), MCA, the commissioners individually are immune as members of a legislative body who are immune from suit for damages arising from action by the legislative body.
The Loves urge that defendants waited too long to raise immunity as a defense. We disagree. Rule 15(a), M.R.Civ.R empowers the district courts with broad discretion to grant leave to amend. In Priest v. Taylor (1987), 227 Mont. 370, 378, 740 P.2d 648, 653, this Court stated:
“Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded. ... If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.”
Here, the District Court allowed the amendment “in the furtherance of justice” and “in order that all issues could be given full consideration.” The District Court pointed out that at no time did the Loves ask for time for further discovery. In addition, the Loves failed to submit evidence showing they were prejudiced by the amendment.
We hold that the District Court correctly granted summary judgment in favor of defendants on the basis of immunity. Therefore, we conclude that we need not discuss the other issues raised by the parties.
Affirmed.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON, BARZ and McDONOUGH concur.