JUSTICE TRIEWEILER
delivered the opinion of the Court.
¶1 Vera Parker-Bigback (Bigback) brought this action in the District Court for the Sixteenth Judicial District in Rosebud County to recover damages from the Defendant, St. Labre School, for discriminatory termination of her employment. The District Court awarded summary judgment to St. Labre School. Bigback appeals the District Court’s order awarding summary judgment. We affirm the judgment of the District Court.
¶2 The sole issue on appeal is whether the District Court erred when it awarded summary judgment to St. Labre?
FACTUAL BACKGROUND
¶3 St. Labre is a school operated by the St. Labre Indian School Educational Association, an institution based on the teachings and beliefs of the Roman Catholic Church. Bigback was employed to teach at St. Labre in August 1981. In 1988, she became St. Labre’s employee assistance counselor and continued in that capacity until January 1993, when her employment with St. Labre was terminated. Bigback believes she was terminated because her supervisor, Father Emmett Hoffman, did not approve of her cohabitation with a man to whom she was not married, contrary to Roman Catholic moral teachings. According to St. Labre, however, Bigback’s employee assistance counselor position was discontinued at that time and replaced with a personnel department.
¶4 Bigback filed a complaint with the Montana Human Rights Commission (MHRC) in which she alleged that St. Labre discriminated *18 against her when it terminated her employment. The MHRC subsequently issued Bigback a right-to-sue letter and she filed a complaint in the District Court. Bigback’s complaint alleged that St. Labre violated §§ 49-2-303 and -301, MCA, because her termination was based on marital status or sex discrimination and was in retaliation for her testimony given in a friend’s discrimination proceeding against St. Labre. St. Labre answered the complaint and the parties conducted discovery. St. Labre subsequently moved for summary judgment and the District Court granted the motion on the basis that Bigback’s claim would interfere with the “Free exercise” clause of the First Amendment to the United States Constitution. Bigback now appeals the judgment of the District Court.
STANDARD OF REVIEW
¶5 Our standard of review on appeal from summary judgment orders is de novo. See Motarie v. Northern Montana Joint Refuse Disposal Dist. (1995), 274 Mont. 239, 242, 907 P.2d 154, 156. We review a district court’s summary judgment to determine whether it was correctly decided pursuant to Rule 56, M.R.Civ.R, which provides that summary judgment is only appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. See Motarie, 274 Mont. at 242, 907 P.2d at 156.
DISCUSSION
¶6 Did the District Court err when it awarded summary judgment to St. Labre?
¶7 Bigback asserts that the District Court erred when it awarded summary judgment to St. Labre School. Bigback contends that she was a member of a protected class and that the decision to eliminate her position was made based upon her marital status. Bigback asserts that St. Labre’s statement that her position was eliminated to establish a personnel department is merely “a pretext for terminating her because of her lifestyle.” Bigback contends that the real reason for eliminating her position “was that at the time the decision was made she was living with someone who was not her husband.”
¶8 In response, St. Labre contends it had the right to terminate Bigback’s employment following her admitted failure to conform her conduct to Catholic moral values. St. Labre points out that Bigback agreed in writing to conform her conduct to the church’s teachings.
¶9 Section 49-2-303, MCA, provides:
(1) It is an unlawful discriminatory practice for:
*19 (a) an employer to refuse employment to a person, to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of race, creed, religion, color, or national origin or because of age, physical or mental disability, marital status, or sex when the reasonable demands of the position do not require an age, physical or mental disability, marital status, or sex distinction ....
(Emphasis added.)
¶10 Although Bigback did not allege the factual basis of her claim in her complaint, she did testify by deposition. In her deposition, she stated she was hired at St. Labre School in 1981 as a first grade teacher, but assumed the position of employee assistance program director and school counselor in 1988. She held that position until she was terminated from employment in mid-February 1993.
¶11 Bigback was married from 1974 to 1984 and remarried some time subsequent to her termination from employment. She was married at the time of the deposition on July 17, 1995. Therefore, while employed at St. Labre School there were periods of time when she was married and other times when she was single. She was married when she was hired and single when she was terminated. However, she did not claim to have been terminated because she was single. In fact, she had been single for nine years by the time she was terminated.
¶12 When asked during her deposition if she felt there was any personal reason for the termination of her employment, she stated that she believed it was because of Father Emmett Hoffman’s disagreement with her lifestyle-"living with someone-." As previously noted, when she assumed the position of employee assistant program director and school counselor, she signed an employment contract in which she agreed:
4. To conform to and abide by all of the moral and religious teachings and beliefs of the Roman Catholic Church and not to engage in any personal conduct or lifestyle which would be at variance with or contrary to the policies of the school and the Diocese of Great Falls-Billings or the moral and religious teachings of the Roman Catholic Church.
¶13 Reverend Gilbert Hemauer who was the Chief Executive Officer of St. Labre at the time of his deposition on July 17,1995, and who was a member of the Roman Catholic clergy with a long-term association -with St. Labre School, testified that the school is a Catholic Mission administered by the Great Falls-Billings Diocese of the Catholic *20 Church which espouses the teachings and beliefs of the Catholic faith. He also testified that it is important that the school’s administrative employees demonstrate a lifestyle which reflects the beliefs of the Roman Catholic Church if they are to serve as role models for the children educated at the school and that it is inconsistent with the church’s teachings for a person to cohabit with someone of the opposite sex to whom she is not married.
¶14 Accepting Bigback’s claim as true for purposes of the summary judgment motion (even though St. Labre School denies she was terminated because of her cohabitation), we conclude that her termination had nothing to do with her marital status, it was based on her conduct.
¶15 In other words, based on the facts in this case, it would have made no difference whether Bigback was married or single. If she had cohabited with someone of the opposite sex to whom she was not married, the same result would have occurred. She would have engaged in personal conduct at variance with and contrary to the moral and religious teachings of the Roman Catholic Church.
¶16 No authority has been offered to suggest that either Article II, Section 4 of the Montana Constitution, which prohibits discrimination against people based on various characteristics or beliefs, or § 49-2-303, MCA, prohibit discrimination based on a person’s conduct. Nor has any authority been offered to persuade us that Bigback’s conduct at issue involved a right of such high order that it would overcome the school’s right to freely exercise its religion through its employment practices as guaranteed by the First Amendment to the United States Constitution and our decision in Miller v. Catholic Diocese of Great Falls, Billings (1986), 224 Mont. 113, 728 P.2d 794.
¶17 Therefore, based on Bigback’s allegations as demonstrated by her deposition testimony, we see no need to balance those religious rights upon which the District Court based its decision against Bigback’s right to be free from discrimination based on marital status or her gender. This case is not about marital status or gender. It is about conduct which Bigback agreed to avoid when she signed her employment agreement with St. Labre School. Even if she was terminated for the reason alleged, we conclude that her rights to be free from discrimination were not involved.
¶18 We note that neither is it necessary to address Bigback’s alternative claim that she was terminated from employment in retaliation for assisting a fellow employee with that person’s complaint to the *21 Human Rights Commission. Although Bigback did allege in her complaint that she was alternatively terminated in violation of § 49-2-301, MCA, for assisting Jeanie Hanic with her complaint, that claim has been abandoned by Bigback on appeal and has neither been briefed nor argued.
¶19 For these reasons, we affirm the judgment of the District Court.
CHIEF JUSTICE TURNAGE, JUSTICES HUNT and REGNIER concur.