JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiff, Melissa Hedges, was injured on school grounds during school hours. She brought suit against the School District and the teacher who was in charge at the time of the accident. The District Court granted defendants’ motion for summary judgment based on immunity under § 2-9-111, MCA, and held that such immunity could not be waived by the purchase of liability insurance. Plaintiff appeals. We affirm in part and reverse in part.
There are two issues raised on appeal:
I. Whether the School District and the teacher are immune under § 2-9-111, MCA.
2. Whether the purchase of liability insurance by the School District waives immunity under § 2-9-111, MCA.
In 1987 twelve year-old Melissa Hedges (Ms. Hedges) was a student at the Swan Lake Elementary School in Lake County, Montana. Respondent, Carol Field (Ms. Field), a teacher, was supervising the playground and had instructed Ms. Hedges to mark where shot puts landed. Ms. Hedges was marking a previous shot put when she was struck by another shot put which had been thrown by Ms. Field. Ms. Hedges was in clear view of Ms. Field at the time in question. Ms. Hedges was injured and this lawsuit resulted.
Defendants moved for summary judgment on the grounds of immunity under § 2-9-111, MCA. The matter was presented on oral argument to the District Court. The parties also argued the issue of whether immunity had been waived by the defendants’ purchase of liability insurance. The School District had purchased comprehensive liability insurance coverage. The District Court granted defendants’ motion for summary judgment and held the defendants were immune under § 2-9-111, MCA, and that the purchase of liability insurance did not waive immunity. Ms. Hedges appeals that decision.
I
Whether the School District and the teacher are immune under § 2-9-111, MCA.
*367 Section 2-9-111, MCA, provides (in part):
“(1) As used in this section:
“(a) the term ‘governmental entity’ includes ... school districts;
“(b) the term legislative body’ includes ... any local governmental entity given legislative powers by statute, including school boards.
“(2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.
“(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.”
Ms. Hedges concedes that the School District is a governmental entity as defined in the statute, and that the School Board is the legislative body, of the School District. However, she contends that despite its immunity from suit, the School District remains liable for the torts of Ms. Field, who is not immunized from suit, pursuant to § 2-9-201, et seq., MCA, the Comprehensive State Insurance Plan, which requires joinder of the School District and renders it liable to defend and indemnify Ms. Field for any damages awarded. Ms. Hedges maintains that Ms. Field’s discharge of duties was not “associated with” action of a legislative body as required by the language of § 2-9-111(3), MCA, and thus she is not immune. Ms. Hedges contends there is no connection between Ms. Field’s conduct and any action by the School Board.
Defendants maintain that under this Court’s holdings in State ex rel. Eccleston v. Montana Third Judicial Dist. Ct. (1989), 240 Mont. 44, 783 P.2d 363, [8 Ed.Law 146g] and cases therein cited, the School District and the teacher are immune from liability.
Our decision in Crowell v. School Dist. No. 7 (Mont. 1991), [247 Mont. 38,] 805 P.2d 522, 48 St.Rep. 81, [10 Ed.Law 8,] is controlling. Crowell, also involved a school teacher. Crowell held that the governmental entity, the school district, was immune from suit for an act or omission of its agent, and that the physical education teacher was its agent. As a result Crowell concluded that the school district was immune from suit for the actual omissions of its teacher agent. Crowell further held that the teacher was immune under § 2-9-111, MCA, stating:
‘We conclude that any negligence on the part of [the teacher] was *368 associated with action by the School District in that it was the District which established programs and curriculum, including the specific course of instruction and which offered physical education classes as a part of such instruction. We agree with the conclusion of the District Court that the claim for damages arose from the lawful discharge by Mr. Allen of an official duty associated with actions of the School District and its legislative body. We hold that Mr. Allen, the physical education teacher, is immune from suit under § 2-9-111, MCA.” (Emphasis added).
Crowell, 805 P.2d at 524. We find no factual or legal distinction between Crowell and the present case.
We hold that both the School District and the teacher are immune from suit under § 2-9-111, MCA.
II.
Whether the purchase of liability insurance by the School District waives immunity under § 2-9-111, MCA.
In Crowell we held that the purchase by the school district of liability insurance waives its immunity to the extent of the coverage granted by the pertinent insurance policies. After an extensive review of Montana legislative history and case law, Crowell concluded:
“We emphasize that Montana’s statutory provisions are unique. We conclude that the Montana Legislature has reached the following conclusion: while a school district is granted immunity of various types, a school district still is granted authority to purchase insurance which may have the effect of waiver of immunity to the extent of the insurance proceeds. We do not find it necessary to imply a waiver, as the intention of the Legislature is clear. That intention is reemphasized by its authorization of tax levies sufficient to pay for insurance premiums. That intention is consistent with the legislative theory that a claim against a school district should be paid in a manner similar to payment required of a private party. We conclude that the Legislature has declared its intent to allow a school district to waive immunity to the extent of the insurance proceeds.”
Crowell, 805 P.2d at 533.
We conclude that the Crowell holding cannot be distinguished factually or legally from the present case. We therefore hold that the purchase by the School District of liability insurance waived its immunity to the extent of the coverage granted by pertinent insurance policies.
*369 We remand this case to the District Court for a determination of the applicable insurance coverage and for further proceedings consistent with this opinion.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON and McDonough concur.