No. 92-014

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

MELISSA HEDGES, A minor by and through
PATRICIA HEDGES, her Guardian ad Litem,

Plaintiff and Appellant,

-vs-

SWAN LAKE AND SALMON PRAIRIE SCHOOL DISTRICT
NO. 73, CAROL FIELD, and DOES 1 through 10,

Defendants and Respondents.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

H. James Oleson; Oleson Law Firm, Kalispell, Montana

For Respondent:

Todd A. Hammer; Warden, Christiansen, Johnson &
Berg, Kalispell, Montana

FILED

Filed: MAY 2 8 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:   April 30, 1992

Decided:   May 28, 1992

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, Melissa Hedges, appeals from the order of the District Court for the Twentieth Judicial District, Lake County, granting summary judgment to the defendants. We reverse and remand.

The issues for our review are:

1. Did the District Court err in holding that the defendants were immune from suit for negligence under § 2-9-111, MCA (1991)?

2. Did the District Court err in denying Ms. Hedge's motion for reconsideration?

This case was previously before this Court on appeal from an order granting summary judgment on February 28, 1990. Hedges v. Swan Lake and Salmon Prairie School Dist. No. 73 (1991), 248 Mont. 365, 812 P.2d 334 (Hedges I). As stated in Hedges I, plaintiff, Melissa Hedges (Ms. Hedges) was a student at the Swan Lake Elementary School in Lake County, Montana. Defendant, Carol Field (Ms. Field), a teacher, was supervising the playground and had instructed Ms. Hedges to mark where shot puts landed. Ms. Hedges was marking a previous shot put when she was struck by another shot put which had been thrown by Ms. Field. Ms. Hedges was injured and filed a complaint against Ms. Field and the Swan Lake and Salmon Prairie School District, No. 73 (School District).

Defendants moved for summary judgment on the grounds of immunity under § 2-9-111, MCA (1989). The parties also argued the issue of whether immunity had been waived by the defendants' purchase of liability insurance which the School District had

2

purchased. The District Court granted defendants' motion for summary judgment and held the defendants were immune under § 2-9-111, MCA (1989), and that the purchase of liability insurance did not waive immunity. Ms. Hedges appealed. Hedges I.

This Court held that the case of Crowell v. School Dist. No. 7 (1991), 247 Mont. 38, 805 P.2d 522, was controlling, and thus, the School District was immune from suit for an act or omission of its "agent", Ms. Field. Quoting Crowell, we stated:

> any negligence on the part of the teacher was associated with action by the School District in that it was the District which established programs and curriculum, including the specific course of instruction and which offered physical education classes as a part of such instruction. We agree with the conclusion of the District Court that the claim for damages arose from the lawful discharge by Mr. Allen of an official duty associated with actions of the School District and its legislative body. We hold that Mr. Allen, the physical education teacher, is immune from suit under § 2-9-111, MCA.
>
> Crowell, 805 P.2d at 524. We find no factual or legal distinction between Crowell and the present case. (Emphasis in original).

Hedges I, 812 P.2d at 335. Thus, in Hedges I, we held that the School District and teacher were immune from suit under § 2-9-111, MCA (1989). However, based on our holding in Crowell, we also held that the purchase by the School District of liability insurance waived its immunity to the extent of the coverage granted by pertinent insurance policies. In Hedges I we reversed and remanded to the District Court.

On May 24, 1991, the day after the decision in Hedges I was issued, the Governor of Montana signed into law Senate Bill 154, significantly amending § 2-9-111, MCA. The amended statute was

3

given a retroactive applicability date to all cases not reduced to final judgment on or before May 24, 1991.

On remand, following the amendment of the statute, the defendants again moved for summary judgment. The District Court considered the amended statute, but again granted summary judgment for the defendants, this time stating:

> In granting Defendants' summary judgment motion, this Court holds that the law of this case as established by [Hedges I] has been modified by the legislative enactment signed into law May 24, 1991. The Defendants are immune from the claims stated in Plaintiff's suit because of Sec. 2-9-111, MCA, and that said immunity has not been waived by the liability insurance because of the retroactive amendment to said statute enacted by the legislature before this cause was reduced to final judgment.
>
> In so holding, this Court rejects the argument of Plaintiff that the legislative amendments to Sec. 2-9-111, MCA changed the immunity provided to Defendants. This Court concludes that the rationale of the Supreme Court in applying the facts of this case to the controlling law as set forth in Crowell . . . would result in the same holding of immunity for all of the Defendants herein regardless of whether Sec. 2-9-111, MCA is construed either before or after the May 24, 1991 amendments thereto. This court holds that the legislative changes to the first three sections of said statute did not remove or limit the immunity which resulted from the purchase of liability insurance. The Defendants are therefore now entitled to Summary Judgment as a matter of law on all claims in Plaintiff's Complaint. (Citations omitted). (Emphasis added).

Ms. Hedges appeals.

I

Did the District Court err in holding that the defendants were immune from suit for negligence under § 2-9-111, MCA (1991)?

Ms. Hedges maintains that the District Court was wrong in holding that defendants were immune for negligence under the

4

amended immunity statute, § 2-9-111, MCA (1991). She contends that the immunity that existed under Hedges I no longer exists under the amended statute, and the defendants are liable for their negligent acts. She maintains that subsection (3) of § 2-9-111, MCA, has been significantly revised and thus, a teacher is no longer immune for her negligent acts. She maintains that under the old § 2-9-111(3), MCA, a "member, staff or agent" (emphasis added) of a legislative body was immune under certain conditions, and that the newly amended statute limited that immunity to only a "member or staff", and excluded agents. She points out that under Hedges I this Court held that Ms. Field was an agent of the School District and was thus, immune under the statute as it then existed, as well as under Crowell. Thus, she maintains that since Ms. Field is an agent she does not fall under the cloak of immunity granted under § 2-9-111(3), MCA (1991).

The defendants maintain that the District Court correctly interpreted § 2-9-111, MCA (1991). They maintain that a teacher performing official duties "associated with" the legislative acts of her school board is immune. Defendants point out that the old law, § 2-9-111(3), MCA (1989), stated that the lawful discharge of one's duty had to be "associated with" the introduction or consideration of legislation or action by the legislative body. They further point out that the new law states that the lawful discharge of an official duty must be "associated with" legislative acts of the legislative body. § 2-9-111(3), MCA (1991). Therefore, defendants contend that the legislature's retention of

5

the words "associated with" indicates the intention to retain the immunity as it was granted and has been interpreted under § 2-9-111(3), MCA (1989). Defendants contend that one's actions need only be associated with legislative acts.

Finally, defendants acknowledge that Ms. Field was considered an "agent" by the parties as well as the courts in Hedges I. However, they also contend in this appeal that Ms. Field was "staff" of the legislative body, and thus, she fits under the purview of § 2-9-111(3), MCA (1991).

Section 2-9-111, MCA (1991) provides:

(1)  As used in this section:

(a) the term "governmental entity" means only the state, counties, municipalities, school districts, and any other local government entity or local political subdivision vested with legislative power by statute;

(b)  the term "legislative body" means only the legislature vested with legislative power by Article V of The Constitution of the State of Montana and that branch or portion of any other local governmental entity or local political subdivision empowered by law to consider and enact statutes, charters, ordinances, orders, rules, policies, resolutions, or resolves;

(c)  (i) the term "legislative act" means:

(A) actions by a legislative body that result in creation of law or declaration of public policy;

(B)  other actions of the legislature authorized by Article V of The Constitution of the State of Montana; or

(C)  actions by a school board that result in adoption of school board policies pursuant to 20-3-323(1);

(ii)  the term legislative act does not include administrative actions undertaken in the execution of a law or public policy.

(2)  A governmental entity is immune from suit for

6

a legislative act or omission by its legislative body, or any member or staff of the legislative body, engaged in legislative acts.

(3) Any member or staff of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with legislative acts of the legislative body.

(4) The acquisition of insurance coverage, including self-insurance or group self-insurance, by a governmental entity does not waive the immunity provided by this section.

. . . (Emphasis added).

Defendants are incorrect in their contention that the immunity granted in the old statute was retained by the amended statute. The legislature stated the purpose of the act as follows:

AN ACT CLARIFYING THAT STATUTORY LEGISLATIVE IMMUNITY EXTENDS ONLY TO LEGISLATIVE BODIES OF GOVERNMENTAL ENTITIES AND ONLY TO LEGISLATIVE ACTIONS TAKEN BY THOSE BODIES; CLARIFYING THAT GOVERNMENTAL ENTITIES ARE NOT IMMUNE UNDER THE LEGISLATIVE IMMUNITY STATUTE FOR NONLEGISLATIVE ACTIONS; CLARIFYING THAT THE ACQUISITION OF INSURANCE DOES NOT WAIVE IMMUNITY; AMENDING SECTION 2-9-111, MCA; AND PROVIDING AN IMMEDIATE EFFECTIVE DATE AND A RETROACTIVE APPLICABILITY DATE. (Emphasis added).

This Court has recently addressed the statutory amendment in Dagel v. City of Great Falls (Mont. 1991), 819 P.2d 186, 191, 48 St.Rep. 919, 921-922. Dagel was a constructive discharge case in which the plaintiff alleged that harassment by her supervisor, an employee of the City of Great Falls, led to her constructive discharge. The City of Great Falls and the supervisor claimed immunity under § 2-9-111, MCA (1989). In holding the defendants were not immune, this Court stated:

Section 2-9-111, MCA (1991), significantly changed the statute and therefore modified the theories expressed in the various immunity cases as well as in Crowell with regard to insurance. First, under the new statute, a

7

> _legislative body is not immune from the negligent acts of_
> _its employees._ § 2-9-111(1)(c), MCA (1991). Second, the
> purchase of insurance does not waive immunity. § 2-9-
> 222(4), MCA (1991). (Emphasis added).

_Dagel,_ 819 P.2d at 191.

In this case, the "governmental entity" is the School District, § 2-9-111(1)(a), MCA (1991), and the "legislative body" is the school board, § 2-9-111(1)(b), MCA (1991). With respect to school boards, a "legislative act" has been defined as:

> actions by a school board that result in adoption of
> school board policies pursuant to § 20-3-323(1);

§ 2-9-111(1)(c)(i)(C), MCA (1991). Section 20-3-323(1), MCA, provides:

> (1) The trustees of each district shall prescribe
> and enforce policies for the government of the district.
> In order to provide a comprehensive system of governing
> the district, the trustees shall:
>
> (a) adopt the policies required by this title; and
>
> (b) adopt policies to implement or administer the
> requirements of the general law, this title, the policies
> of the board of public education, and the rules of the
> superintendent of public instruction.

In the materials submitted to the District Court on the summary judgment motion there are no facts which demonstrate a relationship between the alleged negligence of Ms. Field in throwing the shot put, and the adoption by the trustees of the School District of policies as defined in § 20-3-323(1), MCA. We conclude there were no actions by the School Board which resulted in the adoption of School Board policy under the facts of this case. As a result, there was no legislative act as defined in § 2-9-111(1)(c)(i)(C), MCA (1991). We conclude that the alleged

8

negligence of Ms. Field did not arise from the lawful discharge of an official duty associated with legislative acts as provided in the amended immunity statute. We further conclude that under the immunity statute, there is no immunity for the School District or any member or staff of the School District under the facts of this case. We hold that the District Court erred in its holding that the defendants were immune from suit for negligence under § 2-9-111, MCA (1991).

Ms. Hedges has also raised an issue as to whether the District Court erred in denying her motion for reconsideration. In light of our holding on the first issue, we will not address this question.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9

May 28, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

H. James Oleson
OLESON LAW FIRM
P.O. Box 2036
Kalispell, MT 59903-2036

Todd A. Hammer
WARDEN, CHRISTIANSEN, JOHNSON & BERG
221 1st Ave. East
Kalispell, MT 59903-3038

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy