**Ronald S. BOUCHER, Plaintiff,**

v.

**Rex DRAMSTAD and City of Havre, Defendants.**

**No. CV–80–66–GF.**

United States District Court,
D. Montana,
Great Falls Division.

Sept. 17, 1981.

---

11. This does not include surety for court costs. *See* Local R.Civ.P. 7(a).

Joseph Daley, Daley & Sherlock, Kalispell, Mont., for plaintiff.

Robert D. Morrison, Havre, Mont., for defendant Dramstad.

George N. McCabe, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for defendant City of Havre.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff, Ronald S. Boucher, commenced the present action seeking relief for damages claimed to have been suffered as a result of defendants' alleged violation of plaintiff's constitutional rights under the United States Constitution.

Defendants have countered by filing a motion for summary judgment, contending that the plaintiff is barred under the doctrine of *res judicata* from asserting the federal constitutional claim. Defendants maintain that a prior decision in the courts of the State of Montana, which found that a stipulation of dismissal with prejudice as to one party acted as a dismissal as to all parties, is a bar to a civil rights action filed pursuant to 42 U.S.C. § 1983, since such action arises out of the same set of operative facts.

Jurisdiction vests in this court pursuant to 28 U.S.C. §§ 1331 and 1334(a).

*FACTUAL BACKGROUND*

The underlying facts on which the present action is founded are set out in the Montana Supreme Court opinion entitled *State ex rel. City of Havre v. District Court*, Mont., 609 P.2d 275 (1980). They are briefly recited below:

On September 24, 1974, the Havre Police Department received a call advising them that a burglary was in progress at a grocery store in North Havre, Montana. Officers Rex Dramstad and Kenneth Kooch were dispatched to the store to investigate. Upon their arrival at the scene, defendant Dramstad observed a suspect inside the store and ordered the suspect to come out. Once outside the store, the suspect began to run away from Officer Dramstad. In an attempt to apprehend the suspect, defendant Dramstad fired a shot which struck the suspect, plaintiff Ronald Boucher, in the back. This injury is the basis of the two civil actions initiated by the plaintiff against the City of Havre and County of Hill.

Plaintiff initially instituted suit in state court pursuant to the Montana State Tort Claims Act,[1] alleging (1) that Officer Dramstad acted negligently and (2) that the City of Havre and Hill County negligently exercised their official judgment in the hiring, training and continued employment of Officer Dramstad. As such the gravamen of the state court action was negligence, with the city and county allegedly liable on the theory of *respondeat superior*.[2]

On the day set for trial in state court, and for reasons not totally clear,[3] the police officer was dismissed with prejudice, leaving as defendants the City of Havre and Hill County, who unsuccessfully urged the state district court that they should be dismissed since their liability could only be derivative or vicarious.

On appeal, the Montana Supreme Court set aside the judgment of the trial court. The court reasoned that under the applica-

---

1. Title 2, Chapter 9, Montana Code Annotated (1979).

2. *See* § 2–9–102, M.C.A. (1979).

3. A reading of the state tort claims act may give some insight as to counsel's decision to dismiss Officer Dramstad in the state action. Counsel perhaps erroneously believed that the real parties here were the employing governmental entities and that the employee was an unnecessary party. *See* § 2–9–305, M.C.A. (1979).

ble doctrine of *respondeat superior*, the dismissal of the employee (Dramstad) exonerated the employer, since the dismissal with prejudice was tantamount to a finding that the employee was not negligent.

The defendants to the present action seek to impress upon this court that the doctrine of *res judicata* precludes this court from hearing the present claim.

*RES JUDICATA*

■ Analysis of the issue presented begins with this court's recognition of the well established rule of law that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores Inc., et al. v. Moitie, et al.,* —— U.S. ——, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981), citing *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac.,* 94 U.S. 351, 352–353, 24 L.Ed. 195 (1877). Likewise, a state court decision on constitutional issues is *res judicata* to the identical suit brought in federal court. *P.I. Enterprises, Inc., et al. v. Cataldo,* 457 F.2d 1012, 1014 (1st Cir. 1972).

■ It is clear to this court that the doctrine of *res judicata* will only bar a subsequent action on a matter already litigated if three requirements are met: (1)

the prior judgment was rendered by a court of competent jurisdiction; (2) the decision was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.[4]

The application of the principles of *res judicata* to actions brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, an area wrought with confusion, led to a difference of opinion among the Circuit Courts of Appeal. A common issue which gave rise to the split of authority was the question of whether the doctrine of *res judicata* barred a § 1983 action in federal court where the constitutional claims on which that action was premised could have been raised in an earlier state court proceeding but were not.[5] The Ninth Circuit in the leading case of *Scoggin v. Schrunk,* 522 F.2d 436 (9th Cir. 1975) espoused the rule that such failure was a bar to a subsequent § 1983 action. The court in *Scoggin* bottomed the rule so established on the conclusion it reached in its earlier decision of *Francisco Enterprises Inc. v. Kirby,* 482 F.2d 481 (9th Cir. 1973), namely, that any change in the application of *res judicata* principles to actions brought under § 1983 must emanate from the United States Supreme Court.

The Supreme Court recently held that the rules of *res judicata* are generally applica-

---

4. *Pollard v. Cockrell,* 578 F.2d 1002 (5th Cir. 1978); *Griffen v. Burns,* 570 F.2d 1065 (1st Cir. 1978); *Williams v. Codd,* 459 F.Supp. 804 (S.D. N.Y.1978).

5. The Ninth Circuit in *Gallagher v. Frye,* 631 F.2d 127, 129 n.2 (9th Cir. 1980) reviewed the law on claim preclusion and § 1983 federal actions:

> The Circuits are split in applying the *res judicata* doctrine to § 1983 federal court actions where constitutional claims could have been but were not raised in an earlier state court proceeding. The Second and Third Circuits have held that a state court litigant is not precluded from later asserting his § 1983 constitutional claims in federal court. *New Jersey Ed. Ass'n v. Burke,* 579 F.2d 764 (3d Cir.), *cert. denied,* 439 U.S. 894, 99 S.Ct. 252, 58 L.Ed.2d 239 (1978); *Lombard v. Board of Education,* 502 F.2d 631 (2d Cir. 1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43

L.Ed.2d 656 (1975) (criticized in Note, 88 Harv.L.Rev. 453 (1974)). *See also Kurek v. Pleasure Driveway & Park Dist.,* 557 F.2d 580 (7th Cir. 1977). Other circuits, in accord with this circuit, apply the res judicata doctrine. *See, e. g., Spence v. Latting,* 512 F.2d 93 (10th Cir.), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Lovely v. Laliberte,* 498 F.2d 1261 (1st Cir. 1974). The issue has sparked a number of articles on the effect state court judgments should have on federal claims. *See, e.g.,* Theis, Res Judicata in Civil Rights Act Cases: An Introduction to the Problem, 70 Nw.U.L.Rev. 859 (1976); Comment, Res Judicata and Section 1983: The Effect of State Court Judgments on Federal Civil Rights Actions, 27 U.C.L.A.L.Rev. 177 (1979). *See also* Wright, Miller & Cooper, Federal Practice and Procedure § 4253 at 568–69 (1978). *Scoggin v. Schrunk* remains the law of this Circuit.

ble to § 1983 actions.[6] However, the Court specifically refused to intimate a view as to whether the normal rules of claim preclusion should apply where a § 1983 plaintiff seeks to litigate in federal court a federal issue which he could have raised but did not raise in an earlier state court suit against the same adverse party.[7] The refusal of the Supreme Court to address this one peculiar circumstance requires this court to rely on the *Scoggin* rule and hence determine its applicability to the case at bar.

The court in *Scoggin* held that the federal action was barred by the doctrine of *res judicata* stating:

> . . . It is now established that where the federal constitutional claim is based on the same *asserted wrong* as was the subject of the state action, and where the parties are the same, *res judicata* will bar the federal constitutional claim whether it was asserted in state court or not, for the reason that the state judgment on the merits serves not only to bar every claim that was raised in state court but also to preclude the assertion of every legal theory or ground for recovery that might have been raised in support of the granting of the desired relief.

522 F.2d 437.

While this court has no quarrel with the *Scoggin* rule, it is nevertheless compelled to find that in the present factual situation, application of the doctrine of *res judicata* is inappropriate. This conclusion is based on the recognition by this court that *res judicata* is a principle of public policy to be applied so as to render rather than deny justice.[8] The rule is intended to serve the aims of fairness and efficient judicial administration and need not be applied mechanically where those ends would not be served.[9] Therefore, application of the rule must be rejected when

the application would result in manifest unfairness.[10] This Circuit has acknowledged that the doctrine must give way to the overriding concern of simple justice.[11]

Evaluation of the events which transpired in the state court proceedings convinces this court that it would be remiss to apply the doctrine of *res judicata* so as to bar the plaintiff's § 1983 action, since to do so would result in manifest unfairness to the plaintiff.

The plaintiff initially brought his state court action pursuant to the Montana Tort Claims Act, Title 2, Chapter 9 M.C.A. (1979), naming as defendants Officer Dramstad, the City of Havre and Hill County. § 2-9-102 M.C.A. (1979) provides that every governmental entity is subject to liability for the torts of its employees acting within the scope of their employment. § 2-9-305(2) further provides that in an action brought against any employee of a governmental entity, that governmental entity shall be joined as a party defendant to the action. The effect of such joinder is to provide immunization and indemnification of public officers and employees who are sued for their actions. § 2-9-305(1) M.C.A. (1979).

In view of the fact that the Montana Tort Claims Act is of relatively recent origin (*i. e.*, 1973), there existed no case law concerning the effect of dismissal of the employee from an action on the liability of the governmental entity held responsible under § 2-9-102 and 2-9-305 M.C.A. (1979). The plaintiff in the present action stipulated to the dismissal with prejudice of the employee (*i. e.*, Officer Dramstad) apparently under the mistaken belief that under the provisions of the Montana Tort Claims Act, the governmental entities would still be liable. The Montana Supreme Court subse-

---

**6.** *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

**7.** *Id.* at 97 n.10, 101 S.Ct. at 416 n.10.

**8.** *Dore v. Kleppe*, 522 F.2d 1369 (5th Cir. 1975).

**9.** *LaSociete Anonyme des Parfums LeGalion v. Jean Patou Inc.*, 495 F.2d 1265 (2nd Cir. 1974).

**10.** *Tipler v. E.I. DuPont deNemours and Co.*, 443 F.2d 125 (6th Cir. 1971).

**11.** *Moitie v. Fed. Dept. Stores, Inc.*, 611 F.2d 1267 (9th Cir. 1980).

quently held that consent dismissal with prejudice was tantamount to a judgment on the merits; and accordingly such a dismissal is *res judicata* as to every issue reasonably raised by the pleadings. *State ex rel. City of Havre v. District Court*, 609 P.2d 275, 277 (1980). It is critical to note that the issue was one of first impression in the State of Montana. The court itself acknowledged the split of authority extant among other jurisdictions, but chose to follow the rule that in such a dismissal courts will not look behind the words "with prejudice" to determine the intent of the parties. *Id.*

This court does not question the validity of the Montana Supreme Court's decision, but it cannot overlook its effect on the plaintiff in its consideration of the propriety of *res judicata* as a bar to the present § 1983 action. The decision by the Montana Supreme Court regarding the unique question of law with which it was presented resulted in the plaintiff not having an opportunity to present at trial the merits of his action. To deny the plaintiff the opportunity to present his constitutional claims in the present § 1983 action would result in the plaintiff never having had the opportunity to have the events which transpired at the time of his injury evaluated by a court of law. This court concludes that the interests of justice mandate that the plaintiff be given that opportunity. The gravity of the alleged wrong of which the plaintiff complains dictates that the entire matter should not be disposed of on the basis of a technical rule of law adjudicated for the first time in the State of Montana via the plaintiff's action. In the interests of fundamental fairness and simple justice this court concludes that the judicially created doctrine of *res judicata* should not be mechanically applied to the present situation but must be prudently applied so as not to defeat those same principles upon which the doctrine is founded.

For the reasons as set forth the defendants' motion for summary judgment must fail.

An appropriate order shall issue.