No. 92-520

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CYNTHIA K. MILLS,

       Plaintiff and Respondent,

-v-

LINCOLN COUNTY, MONTANA,

       Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
                In and for the County of Lincoln,
                The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Daniel W. Hileman, Murray & Kaufman, Kalispell,
       Montana

       For Respondent:

       Russell Jones, Spokane, Washington

Submitted on Briefs:   October 5, 1993

           Decided:   December 7, 1993

FILED

DEC 07 1993

Filed:   *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
           Clerk

Justice James C. Nelson delivered the Opinion of the Court

This is an appeal from a Nineteenth Judicial District, Lincoln County, decision ordering a new trial and from the District Court's order denying Lincoln County's motion for summary judgment. We reverse.

The dispositive issue on appeal is whether the District Court incorrectly denied Lincoln County's motion for summary judgment.

Respondent Cynthia K. Mills (Mills) was physically injured on August 6, 1988, at the Lincoln County Landfill, near Libby in Lincoln County, when she fell from a dumping platform into a refuse pit. The Lincoln County Landfill is operated by Lincoln County (County).

Mills filed a complaint and demand for a jury trial against the County on May 3, 1989, in the United States District Court for the District of Montana, Missoula District (federal court), alleging negligence. The County filed a motion for summary judgment, claiming immunity under § 2-9-111, MCA, and on January 2, 1991, the United States District Judge granted the County's motion on that basis.

Shortly after the federal court granted summary judgment to the County, the state legislature significantly amended § 2-9-111, MCA, with the stated purpose of clarifying that statutory legislative immunity would extend only to legislative bodies of governmental entities and only to legislative actions taken by those bodies; immunity would not extend to non-legislative actions. Hedges v. Swan Lake & Salmon Prairie S.D. (1992), 253 Mont. 188,

2

193, 832 P.2d 775, 778. The amendment to the statute effectively negated the County's immunity defense because the acts alleged were not legislative acts.

At that point, Mills could have filed a motion for reconsideration of the federal court decision based upon the change in the statute, however, she did not file a motion for reconsideration. She, thus, effectively precluded any relief that she may have had in the federal court system, and the federal court judgment became final.

Notwithstanding, Mills, filed a complaint against the County in the Nineteenth Judicial District Court, which was dated March 8, 1991. The County filed a motion for summary judgment on October 21, 1991. Following the denial of the County's motion for summary judgment the case came to trial on September 22, 1992. On September 25, 1992, the jury found that the County was not negligent. On October 6, 1992, the District Court, upon its own motion, ordered a new trial. The County filed its notice of appeal to this Court from the trial court's order granting a new trial and from its order denying the County's motion for summary judgment.

A number of issues were raised upon appeal, but one of the issues is dispositive - whether the trial court correctly denied the County's motion for summary judgment. "Under Rule 56(c), M.R.Civ.P., summary judgment is proper if the record discloses no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law." Kaseta v. N. Western Agency of Gr. Falls (1992), 252 Mont. 135, 138, 827 P.2d 804, 806.

The County argues that Mills was barred from bringing her action in the state court because of the federal court's grant of summary judgment in favor of the County in Mills' first action. When she filed her action in state court, the County again moved for summary judgment, this time contending that Mills' complaint was barred by the doctrines of res judicata and collateral estoppel. In response, Mills argues that res judicata requires a final judgment on the merits but that in this case, Montana's then existing doctrine of sovereign immunity under § 2-9-111, MCA, deprived the federal court of jurisdiction and abated the action. Therefore, Mills concludes, there was no final judgment on the merits. In reply, the County argues that the case in the federal court was dismissed pursuant to a summary judgment motion, not a motion to dismiss for lack of subject matter jurisdiction. It concludes its argument by asserting that a summary judgment is a final judgment on the merits.

A review of the opinion and order of the federal court dismissing Mills' case provides that "'the plain language of the statute [§ 2-9-111, MCA] grants immunity to the county for the actions of its Board, and the Board's members and agents.'... IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED." The case was disposed of on a motion for summary judgment, not on a motion to dismiss for lack of subject matter jurisdiction. Mills did not petition for reconsideration of the opinion when, some months later, the legislature amended § 2-9-111, MCA, and limited the scope of legislative immunity.

4

The question then remains - is a summary judgment a final judgment on the merits so that res judicata applies to bar the state action?

We reaffirm the proposition that a summary judgment is, indeed, a final judgment on the merits and that the res judicata bar is, therefore, applicable. Smith v. Schweigert (1990), 241 Mont. 54, 785 P.2d 195.

The doctrine of res judicata bars not only the issues litigated in the former action, but also issues which might have been litigated in the former action.

> The doctrine of res judicata is firmly established to stand for the proposition that a party should not be able to relitigate a matter that that party has already had the opportunity to litigate, and the public policy that there must be some end to litigation.
> "Once there has been full opportunity to present an issue for judicial decision in a given proceeding . . . the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end." (Citations omitted.) (Emphasis in original.)

First Bank v. Fourth Judicial Dist. Court (1987), 226 Mont. 515, 519-520, 737 P.2d 1132, 1134-1135. See also: Sheffield Ins. v. Lighthouse Properties (1992), 252 Mont. 321, 324, 828 P.2d 1369, 1371. ("Generally, res judicata bars relitigation not only of issues that have already been decided but also issues that the parties had the opportunity to present for decision.")

Unfortunately, Mills' recourse from the unfavorable decision in federal court was to file a motion for reconsideration or relief from judgment in the United States District Court after the legislature amended § 2-9-111, MCA. See, for example, Koch v.

5

Billings School Dist. No. 2 (1992), 253 Mont. 261, 833 P.2d 181. In this case, Mills did not file a motion for reconsideration.

We hold simply that the federal court summary judgment was a final judgment on the merits and that Mills' state court action was, consequently, barred. In so ruling, we point out that the dispositive issue raised and argued here was whether a summary judgment is a final judgment on the merits. Mills did not analyze the four criteria necessary for the application of res judicata and whether those four criteria were present here. Furthermore, Mills did not discuss or analyze the effect of an intervening change in the law on the element of identity of issues necessary for the application of res judicata. We decline to consider those issues sua sponte. Mills simply argued that § 2-9-111, MCA, deprived the federal court of subject matter jurisdiction and that consequently, there was no adjudication on the merits of her claim.

Whether the federal court had subject matter jurisdiction of Mills' claim is not the issue here, and the federal court made no determination on that as a basis for its ruling. The point to be noted is that, right or wrong, the federal court entered summary judgment against Mills; that judgment became final by Mills' failure to pursue the available remedy in federal court; and she is now bound by that judgment. Public policy requires that, at some point, there must be finality to litigation. Wellman v. Wellman (1982), 198 Mont. 42, 46, 643 P.2d 573, 576. If parties are allowed to commence new lawsuits on already-litigated claims and issues every time a subsequent change in the law might, arguably,

6

change the result of the first litigation, it is safe to say that there would be few "final judgments" ever entered.

The District Court erred in not granting the motion for summary judgment filed by the County. Furthermore, because the County's motion for summary judgment should have been granted, it was improper for the court to, sua sponte, order a new trial and to award judgment for sanctions against the County.

The District Court's order for a new trial is reversed, and this case is remanded with instructions to the District Court to enter summary judgment in favor of the County on Mills' claim and to vacate the judgment for sanctions against the County.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7

December 7, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Daniel W. Hileman
Murray & Kaufman
P. O. Box 728
Kalispell, MT  59903-0728

Russell Jones
Attorney at Law
North 9 Post Street, Suite 315
Spokane, WA  99201

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy