No. 95-062

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

THE CITY OF BOZEMAN,
a Municipal Corporation,

Plaintiff and Appellant,

v.

AIU INSURANCE COMPANY and MARK STORY,
d/b/a MARK STORY CONSTRUCTION,

Defendants and Respondents.

FILED

AUG 2 1 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Steve Reida and J. Robert Planalp; Landoe,
Brown, Planalp & Braaksma, Bozeman, Montana


For Respondents:

E. Lee LeVeque; Conklin, Nybo, LeVeque & Murphy,
Great Falls, Montana

Gregory Morgan, Attorney at Law, Bozeman, Montana


Submitted on Briefs:  July 27, 1995

Decided:  August 21, 1995

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

The City of Bozeman appeals from the granting of AIU Insurance Company's motion for summary judgment on the basis of res judicata. We affirm.

## Background

This is the fourth appeal before this Court arising out of Mark Story's suit against the City of Bozeman. The City appealed Story's first jury verdict (*Story I*) and then, after remand, appealed the second jury verdict (*Story II*). Bozeman also litigated the question of whether its insurer AIU had a duty to defend the City against Story's claims. That matter was successfully appealed by AIU in what is known as *AIU I*. The background leading to the present appeal is as follows:

On July 12, 1985, AIU Insurance Company issued to the City of Bozeman its comprehensive general liability insurance policy which included a broad form comprehensive liability endorsement. The policy and broad form endorsement were effective June 30, 1985 through June 1986.

In December of 1986, Mark Story, d/b/a Mark Story Construction, sued the City of Bozeman requesting general, special and punitive damages arising out of the alleged actions and omissions of City personnel during the AIU policy period. In his amended complaint, Story alleged breach of the covenant of good faith and fair dealing and defamation amongst other claims.

AIU defended the City against Story's claims but reserved its right to later deny coverage. The first trial of Story's claims

2

against the City resulted in a jury verdict against the City in the sum of $373,236 with no damages awarded on the defamation claim. Judgment was entered and the City appealed. Since AIU took the position that the defamation claim was the only basis for coverage and since the jury did not award any damages for defamation, AIU refused to continue defending the case. As a result of AIU's withdrawal of its defense, the City filed an action against AIU alleging that AIU breached its duty to defend. The City sought attorney fees and costs incurred as a result of AIU's refusal to represent the City in its appeal of the breach of contract judgment. The City's original complaint in *AIU I* did not raise issues of whether the City had coverage under the AIU policy.

On May 3, 1990, this Court reversed the judgment against the City of Bozeman in *Story I*, Story v. Bozeman (1990), 242 Mont. 436, 791 P.2d 767, and remanded the case for retrial. AIU agreed to resume the City's defense against Story's claims after remand. In the second trial, the jury awarded $850,000 damages against the City. As before, AIU took the position that Story's claim for defamation was the only basis for coverage and since the trial judge directed a verdict in the City's favor on the defamation count, AIU advised the City that none of the award was covered by its insurance policy and that it was again withdrawing from the case.

After the jury verdict in *Story II*, the City, on January 7, 1992, moved to amend its complaint in *AIU I* to include coverage issues arising from the *Story II* verdict. AIU objected to the

3

City's motion to amend, contending that the City was seeking to insert coverage issues which had nothing to do with the "duty to defend" issues. The trial court agreed with AIU and held that the coverage issues were separate and distinct and thus denied the City's motion to amend the complaint. The trial court concluded that AIU breached its duty to defend and entered judgment in favor of the City in the amount of $17,739 for costs. AIU appealed that decision. We reversed the judgment of the District Court in City of Bozeman v. AIU Insurance Co. (1993), 262 Mont. 370, 865 P.2d 268 (*AIU I*).

The City appealed the second jury verdict in *Story II*. On appeal, we affirmed in part and reversed in part, and remanded for entry of judgment of $850,000 against the City, striking the $100,000 award against defendant Neil Mann. Story v. City of Bozeman (1993), 259 Mont. 207, 856 P.2d 202.

In February of 1993, the City filed the present suit seeking a declaratory judgment that coverage existed under the AIU policy for Story's claim against the City of Bozeman. On December 2, 1994 the District Court granted AIU's motion for summary judgment on the basis that this Court's decision in *AIU I* barred the coverage issue under the principles of res judicata. The City appeals from that summary judgment.

Standard of Review

In reviewing the grant of summary judgment, this Court applies the same standard as that utilized by the trial court. Contreraz

4

v. Michelotti-Sawyers (Mont. 1995), 896 P.2d 1118, 1120, 52 St.Rep. 454, 456.

## Issue Presented

Does the doctrine of res judicata bar the City of Bozeman from litigating issues of insurance coverage which were the subject of a previous amended complaint disallowed by the District Court but which were not appealed by the City in *AIU I*?

## Discussion

In granting summary judgment for AIU on the City's claim for coverage, the District Court reasoned that although *AIU I* purported to address only the question of attorney fees and costs in the context of the duty to defend, this Court, in concluding that there was no duty to defend, premised that conclusion on its determination that there was no coverage. Accordingly, the District Court found that the City's present suit seeking coverage was barred by res judicata. We reach the same result for procedural rather than substantive reasons.

The City contends that it brought the present suit as a direct result of the District Court's refusal to allow the City to amend its complaint in *AIU I* so as to raise issues of insurance coverage in addition to issues related to the duty to defend. The City prevailed in District Court on the question of the duty to defend. AIU appealed to this Court. The City, however, did not cross-appeal the question of whether the District Court had erred in

5

denying the City's proposed amendment to its complaint. The court's refusal of the motion to amend is a ruling which could have been appealed by the City by way of a cross-appeal to this Court.

We recently discussed the principles of res judicata in State ex rel. Harlem Irrigation District v. District Court (Mont. 1995), 894 P.2d 943, 52 St.Rep. 364 (*Harlem Irrigation/Love II*). The doctrine of res judicata includes the following four elements: (1) the subject matter of each action must be the same; (2) the parties or their privies of each action must be the same; (3) the issues must be the same and relate to the same subject matter; (4) the capacities of the persons must be the same in reference to the subject matter and to the issues between them. *Harlem Irrigation/ Love II*, 894 P.2d at 945.

As to the requirement that the parties be the same, the two real parties in interest are the City of Bozeman and AIU; the same two parties as in *AIU I*. The presence of Mark Story in the present declaratory judgment action does not preclude res judicata. Story was named because he had a potential financial interest in the litigation. Story's judgment, however, has been paid and he has not participated in the suit or the appeal. With regard to the requirements of identity of subject matter and issues, the City contends that the subject matter and issues in *AIU I* were not identical to those in the present suit because, despite the City's attempts to litigate coverage, the Court in *AIU I* confined itself to the issue of the duty to defend. We reject that contention. As

6

in *Harlem Irrigation/Love II*, the identical issue being raised in this appeal could have been litigated in a prior proceeding, that is, in *AIU I*.

In *Love I*, the Loves first filed a complaint in 1983 in which they alleged various claims against the Irrigation District and the commissioners based upon their refusal to provide water to the Loves. The district court granted summary judgment for the Irrigation District and the commissioners based upon sovereign immunity. This Court affirmed that holding in Love v. Harlem Irrigation District (1990), 245 Mont. 443, 802 P.2d 611 (*Love I*). After this Court's decision in *Love I*, the Loves filed a new complaint again alleging a violation of statutory and contractual rights as a result of the refusal to provide water. In addition, the Loves alleged civil rights violations under 42 U.S.C. § 1983. The Irrigation District moved for summary judgment based, in part, upon res judicata. The district court denied the motion and the Irrigation District sought a writ of supervisory control. We accepted original jurisdiction and reversed. In *Harlem Irrigation/ Love II*, the Loves argued that res judicata did not bar their second suit because they raised new theories of liability; specifically violation of civil rights under § 1983. We held that the doctrine of res judicata bars § 1983 claims in Montana's courts when the constitutional claims could have been raised in an earlier proceeding, but were not.

> However, the doctrine of res judicata bars not only issues that were actually litigated, but also those that could have been litigated in a prior proceeding. *Mills*, 864 P.2d at 1267. A party should not be able to litigate

7

a matter that the party already had the opportunity to litigate; public policy dictates that there must be some end to litigation. [Citations omitted.] Once a party has had an opportunity to present a claim, the judgment in a previous case is final as to the issues that were raised, as well as those that could have been raised. See Burgess v. Montana (1989), 237 Mont. 364, 366, 772 P.2d 1272, 1273. This notion arises from public policy designed to prevent endless piecemeal attacks on previous judgments. Wellman v. Wellman (1982), 198 Mont. 42, 46, 643 P.2d 573, 575. We conclude that the theories of recovery alleged in this cause of action could have been litigated in the prior proceeding.

*Harlem Irrigation/Love II*, 894 P.2d at 946.

In the present case, the City very candidly concedes that it filed this declaratory judgment action to raise issues which it was not permitted to raised in *AIU I* because the District Court denied its motion to amend its complaint. The City, however, offers no explanation as to why, after having attempted to amend the complaint to include the coverage issue, it failed to pursue that issue on appeal in *AIU I*. The issue of coverage was an issue which not only could have been raised in *AIU I*, but, in fact, was raised by the City by way of the motion to amend the complaint. Under the principles enunciated in *Harlem Irrigation/Love II*, the City had an opportunity to appeal the coverage issue to this Court and chose not to do so. Given that the City had the opportunity to appeal the coverage issue, the judgment of this Court in *AIU I* became final "as to the issues that were raised, as well as those that could have been raised." *Harlem Irrigation/Love II*, 894 P.2d at 946.

We hold that the coverage issue which the City of Bozeman now seeks to litigate was an issue which the City sought to litigate by

8

way of an amended complaint in *AIU I*. When the District Court denied the motion to amend, the City accepted that ruling and chose not to appeal the coverage issue. The insurance coverage issue is thus barred by the doctrine of res judicata.

Affirmed.

_/s/ W. William Leaphart_
Justice

We concur:

_/s/ Jim Trieweiler_

_/s/ William E. Hunt, Sr._

_/s/ James Nelson_

_/s/ Karla M. Gray_
Justices

9