No.   95-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996


MARILYN HOLLISTER,

          Plaintiff and Appellant,

     v.

JOHN FORSYTHE, a public officer,
and ROSEBUD COUNTY  a Montana
Political  Subdivision,

          Defendants  and  Respondents.


APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Rosebud,
               The Honorable John C. McKeon, Judge presiding.


COUNSEL OF RECORD:

          For Appellant:

               K.D. Peterson; Peterson & Schofield, Billings,
               Montana

          For Respondents:

               K. Kent Koolen, Nancy Bennett; Moulton, Bellingham,
               Longo & Mather, Billings, Montana

               Steven J. Lehman; Crowley, Haughey, Hanson, Toole &
               Dietrich, Billings, Montana


                              Submitted on Briefs:   March 14, 1996

                                        Decided:   June 17, 1996

Filed:

                              _____
                              Clerk

Justice W. William Leaphart delivered the Opinion of the Court

Marilyn Hollister (Hollister) appeals from the Rosebud County, Sixteenth Judicial District Court's dismissal of her 42 U.S.C. § 1983 claim against Rosebud County and John Forsythe (collectively "Forsythe") . We affirm.

The sole issue before us is whether the District Court erred in dismissing Hollister's 42 U.S.C. § 1983 claim based on res *judicata.*

BACKGROUND

The background facts of this case are presented in Hollister v. Forsythe (1995), 270 Mont. 91, 92-93, 889 P.2d 1205, 1206. Hollister initially filed a complaint for deprivation of rights in the United States District Court for Montana. The United States District Court granted Forsythe's motion for partial summary judgment and dismissed Hollister's federal claims with prejudice. She appealed the United States District Court's judgment. The Ninth Circuit Court of Appeals affirmed in Hollister v. Forsythe (9th Cir. 1994), 22 F.3d 950. She then filed a complaint for wrongful discharge and other torts in Montana state district court. Pursuant to Forsythe's motion to dismiss, the state district court dismissed her suit based on the statute of limitations. We reversed in Hollister, 889 P.2d 1205.

In Hollister, we held that Hollister's claims in state court were not barred by the statute of limitations because:

> under Montana's renewal statute, § 27-2-407, MCA, use of
> the word "termination" refers to the ultimate termination
> which occurs after final appellate action. Accordingly,

> the one-year period begins to run from the date that the time for appeal expires or, in the event of an appeal, from the date of the remittitur or judgment of the appellate court.

Hollister, 889 P.2d at 1208. Because her state court complaint was filed within one year of the Ninth Circuit's decision on appeal, it was within the statutory period.

On remand, Montana's Sixteenth Judicial District Court considered the remaining issues in Forsythe's motion to dismiss. Under Rule 12(b)(6), M.R.Civ.P., Forsythe moved for dismissal for failure to state a claim upon which relief can be granted. Forsythe's motion to dismiss raised the following issues: Whether Hollister's claims outside the Montana Wrongful Discharge from Employment Act (WDFEA), §§ 39-2-901 through -915, MCA, were preempted by WDFEA and, whether her 42 U.S.C. § 1983 claim was barred by *res judicata.* The court dismissed all claims outside of WDFEA and ordered the case to proceed only on Hollister's claim of wrongful discharge under WDFEA. In the present appeal, we are called upon to review the Sixteenth Judicial District Court's holding that Hollister's claim under 42 U.S.C. § 1983 was barred by the Ninth Circuit's holding that Hollister had no property interest in her job thus there could be no constitutional violation and no claim under 42 U.S.C. § 1983. Hollister, *22* F.3d 950.

In the mean **time,** in federal court, Hollister filed a Rule 60, Fed.R.Civ.P., Motion for Relief from Judgment based on our decision in Boreen v. Christensen (1994), 267 Mont. 405, 884 P.2d 761. In Boreen, we disagreed with the Ninth Circuit's reasoning regarding Hollister's potential property right in her employment with Rosebud

County.  Boreen, 884 P.2d at 769; see Hollister, 22 F.3d at 953.
The federal district court denied her motion and the **matter is**
currently pending before the Ninth Circuit Court of Appeals.

### STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a
claim unless it appears beyond doubt that the plaintiff can prove
no set of facts in support of her claim which would entitle her to
relief.  Lockwood v. W.R. Grace & Co. (1995), 272 Mont. 202, 207,
900 P.2d 314, 317.

> A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has
> the effect of admitting all well-pleaded allegations in
> the complaint.  In considering the motion, the complaint
> is construed in the light **most** favorable to the
> plaintiff, and all allegations of fact contained therein
> are taken as true.

Lockwood, 900 P.2d at 317 (quoting Boreen, 884 P.2d at 762).  The
determination that a complaint fails to state a claim upon which
relief can be granted is a conclusion of law.  We review a district
court's conclusions of law to determine whether the court's
interpretation of the law is correct.  Lockwood, 900 P.2d at 317.

### DISCUSSION

> Did the District Court err in dismissing Hollister's 42
> U.S.C. § 1983 claim based on *res judicata?*

The doctrine of res *judicata* prevents a party from re-
litigating a matter that the party has already had an opportunity
to litigate.  Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273
Mont. 506, *510,* 905 P.2d 158, 161; Greenwood v. Steve Nelson
Trucking, Inc. (1995), 270 Mont. 216, 219, 890 P.2d 765, 767. Res
*judicata* is based on the public policy that there must be some end

to litigation. <u>Lonev,</u> 905 P.2d at 161; Wellman v. Wellman (1983), 205 Mont. 504, 508, 668 P.2d 1060, 1062. The doctrine of *res judicata* states that a final judgment on the merits by a court of competent jurisdiction is conclusive as to causes of action or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. State ex rel. Harlem Irrigation Dist. v. Montana Seventeenth Judicial Dist. Court (1995), 271 Mont. 129, 132, 894 P.2d 943, 944-45; Meagher County Water Dist. v. Walter (1976), 169 Mont. 358, 361, 547 P.2d 850, 852.

A claim is *res judicata* when four criteria are met: the parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter; and the capacities of the persons are the same in reference to the subject matter and the issues. <u>Lonev,</u> 905 P.2d at 161; In re Marriage of Blair (1995), 271 Mont. 196, 203, 894 P.2d 958, 963. The most important of the four criteria *for res judicata* is the identity of issues. <u>Marriage of Blair,</u> 894 P.2d at 963; In re Marriage of Harris (1980), 189 Mont. 509, 513, 616 P.2d 1099, 1101. Additionally, the doctrine of res judicata bars not only issues which were previously litigated, but also issues which could have been litigated in the prior proceeding. <u>Lonev,</u> 905 P.2d at 161; see <u>Harlem,</u> 894 P.2d at 946.

Hollister concedes that the first and fourth criteria of *res judicata* are met. However, she argues that the second and third criteria are not met. She alleges that the issue is not the same

5

because the federal courts only addressed the threshold question of whether Hollister had a property interest in her county employment. She alleges that in light of our decision in Boreen, 884 P.2d 761, the federal courts erred in concluding that, under Montana law, Hollister did not have a property interest in her employment. Because the court did not proceed beyond that threshold question, Hollister also argues that her claims have not been judged on their merits.

Forsythe counters that the issue in Hollister's state court action is identical to the issue previously raised and decided by the federal court. We agree. In federal court, Hollister alleged that Forsythe's termination of her employment violated her constitutional rights to substantive and procedural due process. In state court, Hollister realleges the same claim and seeks the same remedy. Forsythe argues that Boreen does not alter the fundamental issue in Hollister's state court § 1983 action, that is, whether there is a property interest in employment. Boreen, 884 P.2d at 762-63. Moreover, even if the federal court erroneously determined that there is no property interest in employment under Montana law, *res judicata* still applies. Mills v. Lincoln County (1993), 262 Mont. 283, 285, 864 P.2d 1265, 1267; Brennan v. Jones (1935), 101 Mont. 550, 565, 55 P.2d 697, 701.

Hollister argues that the subject matter presented to the courts differs because the instant case involves her civil rights, constitutional rights and tort claims, not whether she has a property interest in her employment. However, the subject matter

in both actions is the termination of Hollister's employment as a secretary for Rosebud County. In <u>Harlem,</u> we held that the same subject matter that gave rise to the initial complaint was also the basis for the subsequent causes of action. <u>Harlem,</u> 894 P.2d at 945. The same is true here, the underlying subject matter in both federal and state forums is Hollister's termination from employment.

Beyond the criteria of *res judicata,* Hollister argues that she has a right to have the merits of her case heard and that in granting summary judgment to Forsythe, the United States District Court did not decide the merits of her civil rights, constitutional rights and tort claims. In federal court, Hollister alleged federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. In determining the threshold issue of federal jurisdiction, the federal court first examined Hollister's § 1983 claim. The federal court determined that, to bring a § 1983 claim based on a violation of procedural due process, Hollister had to first establish that a property interest protected by the Fourteenth Amendment was affected by Forsythe's termination decision. The federal court held that Hollister had not established a property interest in her employment, thus the court granted summary judgment to Forsythe on the issue of Hollister's § 1983 claim. Having found no federal question jurisdiction, the federal court dismissed Hollister's federal claims with prejudice and dismissed her pendant state claims without prejudice stating "the parties may simply resubmit the remaining issues to the

7

appropriate state court." Hollister contends that because the federal court found, at the threshold, that she could not establish a property interest in her employment, her claims have not been decided on their merits.

In Smith v. Schweigert (1990), 241 Mont. 54, 59, 785 P.2d 195, 198, we held that summary judgment is a decision on the merits because it is a conclusive determination of a legal issue presented by the facts of a case. See Harlem, 894 P.2d at 945. In Mills, we reaffirmed this proposition that summary judgment is, indeed, a final judgment on the merits and that the res judicata bar is, therefore, applicable. 864 P.2d at 1267.

In Mills, the United States District Court granted Lincoln County's motion for summary judgment based on immunity under § 2-9-111, MCA. Soon thereafter, the legislature significantly amended § 2-9-111, MCA, such that the county's immunity defense would be negated. Mills did not file a motion for reconsideration in federal court, instead she filed a complaint against the county in state district court. The case came to trial and the jury found that the county was not negligent. Sua *sponte*, the district court ordered a new trial. On appeal, we held that Mills' state court action was barred by res judicata.

> The point to be noted is that, right or wrong, the federal court entered summary judgment against Mills; that judgment became final by Mills' failure to pursue the available remedy in federal court; and she is now bound by that judgment.

Mills, 864 P.2d at 1267 (emphasis added).

Throughout her appeal, Hollister argues that the federal

court's holding that she has no property interest in employment is wrong. She bases her contention on our decision in _Boreen_, 884 P.2d 761. In _Boreen_, we discussed _Hollister_, 22 F.3d 950, in which the Ninth Circuit concluded that Montana's Wrongful Discharge from Employment Act does not create, in at-will employees, a property interest in their jobs. _Hollister_, 22 F.3d at 953. We stated "we simply do not agree with the court's application of our prior case law to the facts in _Hollister_." _Boreen_, 884 P.2d at 769. Despite our disagreement with the Ninth Circuit's conclusion regarding Hollister's potential property interest in her employment, we are in no position to change the Ninth Circuit's decision. As previously stated in _Mills_, Hollister is bound by the judgment, **right or wrong,** of the federal court in which she brought her claim. _Mills_, 864 P.2d at 1267. If parties are allowed to commence new lawsuits on litigated claims and issues every time a subsequent change in the law might, arguably, alter the result of the first litigation, it is safe to say that there will be few "final judgments" ever entered. _Mills_ 864 P.2d at 1267-68.

Hollister, in federal district court, litigated the question of whether she had a property interest sufficient to sustain a § 1983 claim. The federal district court ruled that she did not, and that decision was affirmed by the Ninth Circuit. _Hollister_, 22 F.3d 950. Although, in _Boreen_, we subsequently disagreed with the conclusions reached by the federal courts, the doctrine of res judicata bars us from considering this litigated claim. _Mills_, 864 P.2d at 1267. As is her right, Hollister has sought Rule 60,

9

Fed.R.Civ.P., relief in federal court in light of our decision in Boreen. That matter is pending appeal to the Ninth Circuit. The outcome of that appeal, however, will not affect the application of the *res judicata* principles which we now find controlling of the state court claim under § 1983.

In the instant case, as in Mills, we hold that the federal court summary judgment was a final judgment on the merits and that *res judicata* bars Hollister's state court action under § 1983.

Affirmed.

_____
Justice

We concur:

c

_____

_____
Justices

10

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion based on my conclusion that the interests of fundamental fairness preclude the application of the judicially-created doctrine of *res judicata* under the circumstances in this case.

This case is distinguishable from *Mills v. Lincoln County* (1993), 262 Mont. 283, 864 P.2d 1265, which is the principle authority relied on by the majority. In *Mills*, the Federal District Court dismissed the plaintiff's complaint by summary judgment based on this Court's decisions regarding the liability of local governments. After that dismissal, the Legislature clarified its intent and in effect changed the law. We held that a subsequent change in the law did not preclude the application of *res judicata* to a later action filed in state district court. *Mills*, 262 Mont. at 286, 864 P.2d at 1267.

In this case, there was no change in the law subsequent to the Federal District Court's dismissal of Marilyn Hollister's claim made pursuant to 42 U.S.C. § 1983. The Federal District Court and the Ninth Circuit Court of Appeals simply misapplied Montana law and arrived at an incorrect conclusion about the merits of her claim. *See Boreen v. Christensen* (1994), 267 Mont. 405, 419, 884 P.2d 761, 769. Hollister's civil complaint was dismissed by those courts based on the conclusion that she had no property interest in her employment with the County. Whether she had a property interest was properly an issue of state law. However, that issue was not

11

certified to this Court for determination. Instead, those courts misapplied our prior decisions and simply arrived at an incorrect conclusion.

Under these circumstances, absent reconsideration of its decision by the Ninth Circuit Court of Appeals, Hollister will never have an opportunity to present the true merits of her civil rights claim. To avoid such a substantial injustice by blind adherence to technical principles, I would follow the rationale of the Federal District Court in *Boucher v. Dramstad* (D. Mont. 1981), 522 F. Supp. 604. In that case, that court held that:

> [R]*es judicata* is a principle of public policy to be applied so as to render rather than deny justice. The rule is intended to serve the aims of fairness and efficient judicial administration and need not be applied mechanically where those ends would not be served. Therefore, application of the rule must be rejected when the application would result in manifest unfairness. This Circuit has acknowledged that the doctrine must give way to the overriding concern of simple justice.
>
> . . .
>
> . . . The decision by the Montana Supreme Court regarding the unique question of law with which it was presented resulted in the plaintiff not having an opportunity to present at trial the merits of his action. To deny the plaintiff the opportunity to present his constitutional claims in the present § 1983 action would result in the plaintiff never having had the opportunity to have the events which transpired at the time of his injury evaluated by a court of law. This court concludes that the interests of justice mandate that the plaintiff be given that opportunity. . In the interests of fundamental fairness and simple justice this court concludes that the judicially created doctrine of *res judicata* should not be mechanically applied to the present situation but must be prudently applied so as not to

defeat those same principles upon which the doctrine is founded.

*Boucher*, 522 F. Supp. at 607, 608 (footnotes omitted).

Based on the cited rationale, the Federal District Court allowed Ronald S. Boucher to proceed in Federal District Court with a claim based on 42 U.S.C. § 1983, even though it was based on facts identical to those involved in a previously dismissed state negligence action. The Federal District Court arrived at that result because the state court dismissal involved a procedural issue of first impression which the plaintiff could not have anticipated and thereby avoided. *Boucher*, 522 F. Supp. at 608.

In *State ex rel. Harlem Irrigation District v. District Court* (1995), 271 Mont. 129, 133, 894 P.2d 943, 945, we declined to apply the manifest unfairness principle from *Boucher* to the facts in that case. However, we did not reject the concept under all circumstances.

I conclude that the circumstances in this case call for application of the "manifest unfairness" principle and on that basis decline to apply judicially-created principles of *res judicata* to bar Hollister's claim.

In this case, Hollister is out of court, through no fault of her own, based on a misapplication of the law in federal court. To deny her the opportunity to present her claim would mean that the facts she alleged would never be examined by a court of law in the context of her constitutional claims. Under these circumstances,

13

the majority decision does not "serve the aims of fairness and efficient judicial administration" but instead "mechanically" applies an inappropriate judicial formula. *Boucher*, 522 F. Supp. at 607.

For these reasons I dissent from the majority opinion.

_____
Justice

14