JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion based on my conclusion that the interests of fundamental fairness preclude the application of the judicially-created doctrine of res judicata under the circumstances in this case.
This case is distinguishable from Mills v. Lincoln County (1993), 262 Mont. 283, 864 P.2d 1265, which is the principle authority relied on by the majority. In Mills, the Federal District Court dismissed the plaintiff’s complaint by summary judgment based on this Court’s decisions regarding the liability of local governments. After that dismissal, the Legislature clarified its intent and in effect changed the law. We held that a subsequent change in the law did not preclude the application of res judicata to a later action filed in state district court. Mills, 262 Mont. at 286, 864 P.2d at 1267.
In this case, there was no change in the law subsequent to the Federal District Court’s dismissal of Marilyn Hollister’s claim made pursuant to 42 U.S.C. § 1983. The Federal District Court and the Ninth Circuit Court of Appeals simply misapplied Montana law and *31 arrived at an incorrect conclusion about the merits of her claim. See Boreen v. Christensen (1994), 267 Mont. 405, 419, 884 P.2d 761, 769. Hollister’s civil complaint was dismissed by those courts based on the conclusion that she had no property interest in her employment with the County. Whether she had a property interest was properly an issue of state law. However, that issue was not certified to this Court for determination. Instead, those courts misapplied our prior decisions and simply arrived at an incorrect conclusion.
Under these circumstances, absent reconsideration of its decision by the Ninth Circuit Court of Appeals, Hollister will never have an opportunity to present the true merits of her civil rights claim. To avoid such a substantial injustice by blind adherence to technical principles, I would follow the rationale of the Federal District Court in Boucher v. Dramstad (D. Mont. 1981), 522 F. Supp. 604. In that case, that court held that:
[ñ]es judicata is a principle of public policy to be applied so as to render rather than deny justice. The rule is intended to serve the aims of fairness and efficient judicial administration and need not be applied mechanically where those ends would not be served. Therefore, application of the rule must be rejected when the application would result in manifest unfairness. This Circuit has acknowledged that the doctrine must give way to the overriding concern of simple justice.
... The decision by the Montana Supreme Court regarding the unique question of law with which it was presented resulted in the plaintiff not having an opportunity to present at trial the merits of his action. To deny the plaintiff the opportunity to present his constitutional claims in the present § 1983 action would result in the plaintiff never having had the opportunity to have the events which transpired at the time of his injury evaluated by a court of law. This court concludes that the interests of justice mandate that the plaintiff be given that opportunity. ... In the interests of fundamental fairness and simple justice this court concludes that the judicially created doctrine of res judicata should not be mechanically applied to the present situation but must be prudently applied so as not to defeat those same principles upon which the doctrine is founded.
Boucher, 522 F. Supp. at 607, 608 (footnotes omitted).
*32 Based on the cited rationale, the Federal District Court allowed Ronald S. Boucher to proceed in Federal District Court with a claim based on 42 U.S.C. § 1983, even though it was based on facts identical to those involved in a previously dismissed state negligence action. The Federal District Court arrived at that result because the state court dismissal involved a procedural issue of first impression which the plaintiff could not have anticipated and thereby avoided. Boucher, 522 F. Supp. at 608.
In State ex rel. Harlem Irrigation District v. District Court (1995), 271 Mont. 129, 133, 894 P.2d 943, 945, we declined to apply the manifest unfairness principle from Boucher to the facts in that case. However, we did not reject the concept under all circumstances.
I conclude that the circumstances in this case call for application of the “manifest unfairness” principle and on that basis decline to apply judicially-created principles of res judicata to bar Hollister’s claim.
In this case, Hollister is out of court, through no fault of her own, based on a misapplication of the law in federal court. To deny her the opportunity to present her claim would mean that the facts she alleged would never be examined by a court of law in the context of her constitutional claims. Under these circumstances, the majority decision does not “serve the aims of fairness and efficient judicial administration” but instead “mechanically” applies an inappropriate judicial formula. Boucher, 522 F. Supp. at 607.
For these reasons I dissent from the majority opinion.